UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH JEROME WILBUR,

    Plaintiff(s),

  v.

CITY OF MOUNT VERNON, *et al.,*

    Defendant(s).

CASE NO. C11-1100RSL

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

CLASS ACTION

## I. INITIAL SCHEDULING DATES

Pursuant to the December 1, 2000 revisions to the Federal Rules of Civil Procedure, the Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

Deadline for FRCP 26(f) Conference: **August 11, 2011**

Initial Disclosures Pursuant to FRCP 26(a)(1): **August 18, 2011**

Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: **August 25, 2011**

If this case involves claims which are exempt from the requirements of FRCP 26(a) and (f), please notify Teri Roberts, the judicial assistant, by telephone at 206-370-8810.

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **August 25, 2011.** This conference shall be by

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT (C11-1100RSL) - 1

direct and personal communication, whether that be a face-to-face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt resolution of the class certification issues in this case. A later joint status report may be necessary depending on the outcome of the class certification motion. The Report must contain the following information by corresponding paragraph numbers:

    1.    A statement of the nature and complexity of the case.

    2.    A statement of whether an ADR method (mediation, arbitration, or other) should be attempted prior to a determination of the class certification issues. If the parties believe there should be no ADR at this time, the reasons for that belief should be stated.

    3.    A proposed deadline for joining additional parties.

    4.    A statement of whether either party anticipates filing a dispositive motion within the next three months.

    5.    A proposed deadline for the filing of the motion for class certification. If the deadline proposed by the parties is not within the period set forth in Local Rule CR 23(f)(3), the parties shall provide good cause for an extension. The parties shall propose an agreed briefing schedule for the class certification motion and, if applicable, for any anticipated dispositive motions.

    6.    A proposed discovery plan that indicates:

        A.    The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;

        B.    The subjects on which discovery may be needed and whether discovery regarding class certification issues should be conducted prior to discovery regarding liability and damages issues;

        C.    What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;

    D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limiting depositions, exchanging documents informally, etc.); and

    E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

  7. If bifurcated discovery is proposed, the date by which discovery related to class certification issues can be completed. If bifurcation is not proposed, the date by which all remaining discovery can be completed.

  8. Whether the parties agree that a full-time Magistrate Judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13. The Magistrate Judge who will be assigned the case is James P. Donohue. Agreement in the Report will constitute the parties' consent to referral of the case to the assigned Magistrate Judge.

  9. Any other suggestions for shortening or simplifying the case.

  10. Two alternative trial dates: (a) the date the case will be ready for trial if a class is not certified; and (b) the date the case will be ready for trial if a class is certified.

  11. Whether the trial will be jury or non-jury.

  12. Two alternative estimates on the length of trial: (a) the number of trial days required if a class is not certified; and (b) the number of trial days required if a class is certified.

  13. The names, addresses, and telephone numbers of all trial counsel.

  14. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

  15. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT (C11-1100RSL) - 3

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed.

The time for filing the Report may be extended only by court order. Any request for extension should be made by telephone to Teri Roberts at 206-370-8810.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Teri Roberts by telephone at 206-370-8810.

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed within ten (10) days of receipt of service of each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

As of June 1, 2004, counsel are required to electronically file all documents with the Court. *Pro se* litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Section III, Paragraph F - pursuant to Local Rule 10(e)(8), when the aggregate submittal to the court (*i.e.*, the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50** pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers by 10:30 am the morning after filing. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT (C11-1100RSL) - 4

- Section III, Paragraph L - unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

Pursuant to Local Rule 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.). All exhibits must be marked to designate testimony or evidence referred to in the parties' filings. Filings that do not comply with Local Rule 10(e) may be rejected and/or returned to the filing party, particularly if a party submits lengthy deposition testimony without highlighting or other required markings.

## V.  PRIVACY POLICY

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

\* Dates of Birth - redact to the year of birth

\* Names of Minor Children - redact to the initials

\* Social Security Numbers and Taxpayer Identification Numbers - redact in their entirety

\* Financial Accounting Information - redact to the last four digits

\* Passport Numbers and Driver License Numbers - redact in their entirety

All documents filed in the above-captioned matter must comply with Federal Rule of Civil Procedure 5.2 and Local Rule 5.2.

## VI. EARLY SETTLEMENT CONSIDERATION

When civil cases are settled <u>early</u> -- before they become costly and time-consuming -- all parties and the court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the <u>timing</u> of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS
REPORT, AND EARLY SETTLEMENT (C11-1100RSL) - 5

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court-connected ADR services be provided as early, effectively, and economically as possible in every suitable case."

The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Kerry Simonds, deputy clerk, at 206-370-8519.

### VII.  SANCTIONS

A failure by any party to comply fully with this Order may result in the imposition of sanctions.

DATED: July 14, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge