UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JOSEPH JEROME WILBUR, *et al.*, ) No. C11-1100RSL
)
                 Plaintiffs, )
   v. ) ORDER DENYING MOTION FOR
) SANCTIONS
CITY OF MOUNT VERNON, *et al.*, )
)
                 Defendants. )
_____ )

       This matter comes before the Court on "Defendant[']s Motion for Sanctions for Wilbur's Refusal to Appear at Properly Noted Deposition." Dkt. # 78. On November 8, 2011, plaintiff Joseph Jerome Wilbur failed to appear for deposition. Although plaintiffs' counsel had provided defendants with prior notice of the cancellation, they were not in contact with their client and therefore had no explanation for his absence.[1] Attempts to discuss alternative dates for the deposition were rebuffed by defendants, who instead chose to file this motion for sanctions later that same day. Defendants argue that the deposition testimony of plaintiff Wilbur is crucial to their ability to respond to plaintiffs' motion for preliminary injunction and that the appropriate sanction for his failure to appear is to strike his declaration and "the opinion of every expert who relied upon the declaration." Dkt. # 78 at 3.

---

[1] Counsel's factual representation that his client was unable to attend the deposition "due to issues he is having with his family and the acute stress caused by these issues" is hearsay and has not been considered in the context of this motion. Decl. of Toby J. Marshall (Dkt. # 94) at ¶ 9.

ORDER DENYING MOTION FOR
SANCTIONS

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff Wilbur's failure to appear for a properly-noted deposition is troubling. Litigants in federal court have certain obligations, and it appears that plaintiff Wilbur is either unaware of his obligations or is not able to fulfill them. The Court is ready and willing to use its equitable powers to remedy any unfairness that may have arisen in this case.

Defendants, however, identify no harm that would justify the relief requested. Defendants were notified of plaintiff Wilbur's unavailability in time to avoid a wasted trip, and plaintiffs have paid the cancellation fee for the court reporter. Defendants have not sought an order to compel the deposition (the obvious remedy for a witness's failure to appear) and have rejected plaintiffs' attempts to reschedule. Instead, defendants seek the comparatively harsh sanction of an evidentiary exclusion, apparently on the ground that the deposition could not be rescheduled before defendants' opposition to plaintiffs' motion for preliminary injunction was due. Defendants did not, however, inquire regarding plaintiffs' willingness to continue the note date on the motion for preliminary injunction or request an extension of time from the Court.

Nor have defendants shown that plaintiff Wilbur's deposition is crucial (or even particularly relevant) to their ability to oppose plaintiffs' preliminary injunction motion. Defendants' motion for summary judgment was based on virtually the same facts and circumstances as plaintiffs' motion for preliminary injunction. Plaintiff Wilbur's declaration and the expert opinions defendants seek to strike were offered in opposition to the summary judgment motion and in support of the preliminary injunction motion. Defendants controlled the timing of their dispositive motion and chose to file it before taking plaintiff Wilbur's deposition. In fact, briefing was complete and the motion for summary judgment was noted for consideration weeks before November 8th. It is simply not logical to assume that this single

ORDER DENYING MOTION FOR
SANCTIONS                                -2-

deposition is the key to defendants' ability to defend against plaintiffs' request for a preliminary injunction.

For all of the foregoing reasons, defendants' motion to strike (a) the declaration of plaintiff Wilbur and (b) the opinions of all experts who reviewed the declaration is DENIED.

Dated this 24th day of January, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
SANCTIONS                                -3-