UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JOSEPH JEROME WILBUR, *et al.*,   )   No. C11-1100RSL
                                   )
                    Plaintiffs,    )
          v.                       )   ORDER CERTIFYING CLASS
                                   )
CITY OF MOUNT VERNON, *et al.*,    )
                                   )
                    Defendants.    )
_____)

This matter comes before the Court on "Plaintiffs' Motion for Class Certification." Dkt. # 82. The three named plaintiffs seek to go forward with this litigation as representatives of a class, described as follows:

> All indigent persons who have been or will be charged with one or more crimes in the municipal courts of either Mount Vernon or Burlington, who have been or will be appointed a public defender, and who continue to have or will have a public defender appearing in their cases.

Defendants argue that indigent criminal defendants cannot form a "coherent class" because the individuals are too diverse and not all of them have suffered injury. With regards to the specific requirements of Fed. R. Civ. P. 23, defendants apparently agree that the proposed class is numerous, but challenge plaintiffs' assertions regarding commonality, typicality, and adequacy of representation.[1]

---

[1] Defendants also challenge the named plaintiffs' standing to assert the claims set forth in the amended complaint. As discussed in the "Order Denying Defendants' Motions for Summary

ORDER CERTIFYING CLASS

**A. Diversity of Proposed Class**

Defendants spend half of the "fact" section of their memorandum establishing that indigent defendants in Mount Vernon and Burlington are a diverse population, varying in ethnicity, economics, gender, language, cultures, criminal history, knowledge of the legal process, and expectations of their lawyers. Defendants do not, however, explain how this diversity impacts the class certification analysis under Rule 23. Class certification does not require uniformity. If that were the case, no class would ever be certified because, as defendants succinctly state, "people are diverse." Opposition (Dkt. # 124) at 6. The certification of a class of California prisoners with serious mental disorders (see Brown v. Plata, __ U.S. __, 131 S. Ct. 1910 (2011)) sweeps within its parameters individuals at least as diverse (if not more so) than the class proposed here. The issue, then, is whether the proposed class satisfies the enumerated elements of Rule 23, not whether the individuals in the class are in all ways homogeneous.

Defendants also argue that the proposed class is too broad because it includes people who are no longer represented by the public defenders and/or are not unhappy with the representation they received. Defendants misapprehend the class definition. Class members must satisfy all three prongs of the class definition, which means that they either have a public defender representing them at the moment or will have such representation during the course of this litigation. Nor does membership in the class turn on the interpretation of an ambiguous term or an individual's state of mind. See, e.g., Simer v. Rios, 661 F.2d 655, 669 (7th Cir. 1981). Under plaintiffs' theory of the case, all indigent defendants in Mount Vernon and Burlington suffer from a lack of representation because the public defender system adopted by the municipalities makes it impossible for counsel to engage in confidential attorney-client communications or to fill the role of advocate. The fact that some indigent defendants are able

---

Judgment," of even date, plaintiffs had the requisite personal interest at the time this litigation commenced. Defendants' challenge is more appropriately characterized as an assertion of mootness and has been considered in the typicality section.

ORDER CERTIFYING CLASS -2-

to navigate the system efficiently and effectively with a five-minute consultation in the courtroom does not necessarily mean that they obtained constitutionally adequate representation. The Court finds that the members of the proposed class are readily identifiable and that the class includes only those people who have a claim under the theory advanced by the named plaintiffs. See Vigus v. S. Ill. Riverboat/Casino Cruises, Inc., 274 F.R.D. 229, 235 (S.D. Ill. 2011).

**B. Fed. R. Civ. P. 23(a)(2): Commonality**

Because the principal purpose of class certification is to litigate issues that affect a large number of individuals in an efficient and economical manner, there must be questions of law and/or fact that are common to the proposed class in order to justify certification. Not all of the triable questions need be common, however. As long as there are substantial questions which, if tried separately, would have to be answered as to each potential class member, this element is satisfied. See Rodriguez v. Hayes, 591 F.3d 1105, 1122-23 (9th Cir. 2010). As the class is defined, there are a number of common questions of both law and fact, including:

a) Determining the demand for public defender services in Mount Vernon and Burlington and the level of resources provided to meet that demand.

b) Determining which, if any, stages of the criminal pre-trial process are critical and whether indigent defendants are represented during those stages.

c) Determining whether the public defender system established by the municipalities affords indigent defendants constitutionally adequate representation.

d) Determining whether the municipalities have a duty to monitor the public defenders or to ensure that the defenders satisfy the minimum requirements of their contract and the state and federal constitutions.

The answers to most, if not all, of these questions will be capable of classwide resolution. Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2551 (2011).

**C. Fed. R. Civ. P. 23(a)(3) : Typicality**

The proposed class is comprised of individuals charged with a crime in the

municipal courts of Mount Vernon or Burlington who are represented by the public defender. The parties dispute whether the three named plaintiffs fall within this class definition. Defendants argue that they do not and that plaintiffs are therefore not typical of the class they seek to represent. In addition, defendants argue that the three named plaintiffs are attempting to mandate a level of involvement with counsel that "might very well be antagonistic to members of the class that prefer a different sort of relationship." Opposition (Dkt. # 124) at 15-16.[2]

Defendants assert that plaintiffs' criminal matters have been resolved and/or that they are no longer represented by the public defenders. The record does not support these assertions. Plaintiff Montague has already been sentenced in her criminal matter, but she is currently on probation, has a hearing scheduled (at least as of November 2011), and is being represented by the "conflict" public defender, Hoff. Dkt. # 116, Ex. D at 26. Attorney Hoff's position as "secondary defender" is expressly prescribed in the public defense services contract. Dkt. # 57-1 at 17. Plaintiff Moon has one or more open criminal matters, has pending court dates (at least as of November 2011), and is also being represented by attorney Hoff. Dkt. # 116, Ex. E at 50-51, 106. Plaintiff Wilbur had a pretrial conference scheduled for December 7, 2011, but apparently failed to appear and continues to be represented by conflict counsel. Dkt. # 122 at 72. Contrary to defendants' argument, the fact that Ms. Montague and Mr. Moon refused to discuss the details of their pending criminal matters with defense counsel at deposition does not suggest that there are no pending matters. Because plaintiffs continue to be represented by a public defender provided by the municipalities pursuant to the public defense services contract at issue in this lawsuit, the Court finds that the named plaintiffs fall within the proposed class definition and retain their personal interest in the outcome of this litigation. They are, therefore,

---

[2] Defendants also argue that the claims of the named plaintiffs are subject to unique, atypical defenses. The Court has already determined that plaintiffs' claims survive defendants' standing, judicial estoppel, unclean hands, and fugitive disentitlement arguments. See "Order Denying Defendants' Motions for Summary Judgment," of even date.

typical of the class.

Even if, for purposes of this motion, the Court assumes that the assignment of an alternate public defender mooted the named plaintiffs' claims, typicality would nonetheless exist. Although a loss of personal interest in the outcome of the case generally precludes plaintiff from pursuing relief either for his own benefit or on behalf of a class, if the issues raised remain alive, courts apply the mootness doctrine flexibly. Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011). An exception to the doctrine has been created to deal with situations where, as here, the class of plaintiffs is transitory (meaning that there is a constant class of persons suffering from the alleged deprivation, but that individuals within the class will likely lose their interest while the case is pending). See Gerstein v. Pugh, 420 U.S. 103, 110 n.11 (1975). In such cases, the Court may "validly certify a class . . . even though the named plaintiff's claims are already moot, since the 'relation back' doctrine will relate to [the named plaintiffs'] standing at the outset of the case in order 'to preserve the merits of the case for judicial resolution.'" Wade v. Kirkland, 118 F.3d 667, 670 (9th Cir. 1997). See also Pitts, 653 F.3d at 1091 (applying "relations back" doctrine where defendant's litigation strategy of settling the small claims of the named plaintiffs made the class "transitory").

The Court finds that the proposed class is transitory for purposes of the mootness analysis. When this action was filed, it was virtually impossible to predict which individual members of the proposed class, if any, would have a live controversy at the time the class certification issue was decided, much less at the time this case is finally resolved. When the named plaintiffs came to the conclusion that they were not getting the assistance of counsel promised by the state and federal constitutions, they not surprisingly requested conflict counsel. This same dynamic would undoubtedly repeat itself as each potential class representative attempts to avoid harm in his or her underlying criminal matter. In addition, the record shows that defendants dismissed the charges against at least one potential class member, apparently in a successful effort to keep him from becoming a named plaintiff. Other individuals who currently

ORDER CERTIFYING CLASS                -5-

satisfy the class definition will plead guilty or have the charges against them dismissed before the merits of this case can be reached. Nevertheless, "the constant existence of a class of persons suffering the deprivation is certain." Gerstein, 420 U.S. at 110 n. 11. In these circumstances, the fact that the named plaintiffs' claims may have become moot during the pendency of this litigation does not foreclose the possibility of class certification. U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397-99 (1980).

As for defendants' argument that the named plaintiffs are seeking an attorney-client relationship that may be "antagonistic" to the wishes of other class members, defendants misapprehend the nature of plaintiffs' claim. Plaintiffs are not seeking a detailed schedule of phone calls, conferences, or hand-holding that must occur in each and every case. Rather, they seek a court order requiring Mount Vernon and Burlington to provide constitutionally adequate representation to indigent defendants. Since each member of the proposed class affirmatively requested the appointment of counsel, it is hard to imagine that a class member exists who does not want the minimum protections guaranteed by the state and federal constitutions,

**D. Fed. R. Civ. P. 23(a)(4) : Adequacy of Representation**

Rule 23(a)(4) ensures that the class representatives "fairly and adequately protect the interests of the class." In order to make that determination, the Court "must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Ellis v. Costco Wholesale Corp., 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation marks and citation omitted). The Court has no concerns regarding the adequacy of counsel: they have and will undoubtedly continue to competently, vigorously, and ethically pursue this litigation.

The Court does have concerns regarding the adequacy of Mr. Wilbur as a class representative and, to a lesser extent, the adequacy of Ms. Montague. Mr. Wilbur's failure to appear for deposition raises significant concerns regarding his commitment to this litigation.

ORDER CERTIFYING CLASS                    -6-

Questions regarding Ms. Montague's credibility, while not nearly as important to the underlying legal issues as defendants seem to believe, may prove to be a distraction that could easily be avoided. Nevertheless, Rule 23(a)(4) "is satisfied as long as one of the class representatives is an adequate class representative." Rodriguez v. West Publ. Corp., 563 F.3d 948, 961 (9th Cir. 2009). The Court therefore finds that at least one named plaintiff and his chosen counsel are adequate representatives of the proposed class.

**E. Fed. R. Civ. P. 23(b)(2)**

A class that satisfies the requirements of Rule 23(a) may be certified if defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs allege that Mount Vernon and Burlington affirmatively created and continued a system of public defense that, by its very nature, deprives indigent criminal defendants of their constitutional right to counsel. Plaintiffs seek a court order requiring the municipalities to establish a public defense system that satisfies the basic elements of the right to counsel. Because the relief sought is systemic, rather than individual, classwide injunctive or declaratory relief may be appropriate. Certification under Rule 23(b)(2) is also appropriate.

For all of the foregoing reasons, plaintiffs' motion for class certification (Dkt. # 82) is GRANTED.

Dated this 23rd day of February, 2012.

Robert S. Lasnik
United States District Judge