UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JOSEPH JEROME WILBUR, *et al.*,     )   No. C11-1100RSL
                                    )
                    Plaintiffs,     )
        v.                          )   ORDER DENYING MOTION TO
                                    )   DISQUALIFY COUNSEL AND EXCLUDE
CITY OF MOUNT VERNON, *et al.*,     )   EXPERTS
                                    )
                    Defendants.     )
_____ )

This matter comes before the Court on "Defendants' Motion to Disqualify Counsel and Exclude Experts." Dkt. # 87. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The party asserting that the attorney-client privilege precludes disclosure of a communication or document bears the burden of establishing that the communication is, in fact, privileged. United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010). Rather than analyze the communications at issue or the circumstances surrounding the communications, defendants make the blanket assertion that a pre-printed "confidential" designation on the top of a jail form means the communication is protected by the attorney-client privilege. With very few exceptions, the documents produced by Skagit County do not seek any kind of legal advice. This is not surprising given that plaintiffs' public disclosure request sought documents related to complaints against and/or evaluations of the public defenders in Mount Vernon and Burlington (Decl. of Breena Roos (Dkt. # 97), Ex. 12 to Dep. Tr. of Leticia Alvarez-Gubitosi) and Skagit

ORDER DENYING MOTION TO DISQUALIFY
COUNSEL AND EXCLUDE EXPERTS

County subsequently focused its search "on kites that contained comments or complaints about the lack of representation and about disappointing levels of service being provided by the Public Defenders" (Decl. of Cori Russell (Dkt. # 100) at ¶ 6). Most of the kites produced by Skagit County are requests to speak to counsel, often accompanied by a summary of past failures and a demand for specific action. No legal advice is requested. Of the almost 500 pages of kites produced by Skagit County (many of which are duplicates), defendants have identified only two that arguably disclose confidences and might be covered by the attorney-client privilege. Decl. of Andrew G. Cooley (Dkt. # 88), Ex. A and Ex. C. With such a low percentage of the kites revealing anything that could be considered a request for legal advice, Skagit County's general understanding that these forms were not privileged attorney-client communication was reasonable.

Nor have defendants shown that the communications were made in confidence. Plaintiffs have provided evidence that fellow inmates and the corrections officers had access to the kites, that inmates had other, confidential means through which to contact their attorneys, and that inmates were aware that the kite system was not confidential (regardless of the header printed on the form they were given). Defendants attempt to discredit this evidence by relying on equivocal testimony provided by Ms. Alvarez concerning jail procedures about which she has no personal knowledge.[1] Defendants have not met their burden of showing that the kites at issue are protected by the attorney-client privilege.

(2) Even if defendants had investigated the circumstances under which each kite were created and had shown that one or more of the forms contained a confidential request for legal advice, disqualification of counsel would not be appropriate here for at least two reasons. First,

---

[1] The Court declines to strike defendants' truncated summary of Ms. Alvarez' deposition testimony and the related argument (Dkt. # 108 at 2), but has considered the additional portions of her testimony provided by plaintiffs in sur-reply.

ORDER DENYING MOTION TO DISQUALIFY
COUNSEL AND EXCLUDE EXPERTS         -2-

plaintiffs did not intentionally seek privileged information and could reasonably assume that documents produced by a government agency in response to a public disclosure request were not privileged. Plaintiffs' own review of the documents would reveal little more than that the title of the form contained the word "confidential." The content of most of the kites centered on complaints about the public defenders, not the procurement of legal advice. Not knowing how these forms were processed or what the inmates expected regarding confidentiality, plaintiffs could reasonably rely on Skagit County's vastly greater expertise with both the kites and the privilege analysis in the context of a public disclosure request.

Second, plaintiffs' possession of the alleged confidential attorney-client communications for purposes of this litigation does not in any way compromise or affect an inmate's defense of his or her underlying criminal action. Plaintiffs have not gained an unfair or unjust advantage *vis-à-vis* the inmates or defendants in this matter, and the integrity of both the criminal and civil judicial processes are unscathed.[2] Defendants apparently seek disqualification not because the fairness of this proceeding has been called into question, but as a form of punishment for plaintiffs' alleged unethical behavior or as a deterrent against future violations of the privilege. Defendants have not identified, and the Court has not found, any case in which a party is deprived of its chosen counsel purely as a sanction and not for the purposes of redressing or avoiding actual or perceived harm.

(3) Plaintiffs have requested an award of fees pursuant to 28 U.S.C. § 1927, which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[2] If these documents were privileged, it would be defendants' possession of the kites that would be more troubling because defense counsel, representing the prosecuting municipalities, would be in possession of confidential attorney-client communications regarding on-going criminal actions.

ORDER DENYING MOTION TO DISQUALIFY
COUNSEL AND EXCLUDE EXPERTS         -3-

Section 1927 authorizes sanctions for the multiplication of proceedings and requires a showing of intent, recklessness, or bad faith.  New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989); Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1048 (9th Cir. 1985).  If a motion is meritless, brought solely for tactical reasons, and evidences bad faith, an award of fees is appropriate.  Optyl Eyewear, 760 F.2d at 1048.

The Court starts its analysis with the presumptions that an award of fees is not appropriate and that counsel's conduct falls within the acceptable realm of zealous advocacy, untainted by bad faith.  Nevertheless, after reviewing defendants' motion and the related documents, the Court is concerned that defense counsel had only a weak factual basis for its claim of attorney-client privilege, that he engaged in the same behavior as plaintiffs' counsel by seeking these same documents, and that he waited until the allegedly privileged documents proved damaging to his clients to raise the issue.  Defense counsel also sought the most extreme sanction for the alleged wrong apparently for tactical reasons.  The Court is not, however, convinced that counsel intentionally raised meritless arguments – *i.e.*, that he acted in bad faith rather than arguably overstepping the bounds of zealous advocacy – and will therefore hold this request for fees in abeyance.  Future conduct in this litigation may illuminate counsel's motivation in this matter.

For all of the foregoing reasons, defendants' motion to disqualify counsel and exclude experts is DENIED.  Plaintiffs' motion for an award of fees is DENIED without prejudice to the request being raised again later in the litigation.

Dated this 23rd day of February, 2012.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISQUALIFY
COUNSEL AND EXCLUDE EXPERTS           -4-