UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JOSEPH JEROME WILBUR, *et al.*, )  No. C11-1100RSL
)
          Plaintiffs, )
   v. )  ORDER COMPELLING RICHARD
)  SYBRANDY TO COMPLY WITH
CITY OF MOUNT VERNON, *et al.*, )  SUBPOENA
)
          Defendants. )
_____ )

      This matter comes before the Court on "Plaintiffs' Motion to Compel Richard Sybrandy's Compliance with Subpoena Duces Tecum." Dkt. # 165. Plaintiffs issued a Rule 45 subpoena duces tecum to Mr. Sybrandy in August 2011. Decl. of Matthew J. Zuchetto (Dkt. # 166), Ex. A at 1. Through a series of conferences, the original subpoena has been substantially narrowed and there are only a few categories of documents at issue here. Plaintiffs seek to compel the production of three types of documents, each of which is considered below.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

  (1) Plaintiffs seek production of a report or other documents that reflect the total number of public defense and non-public defense cases that Mr. Sybrandy handled on a year-by-year basis from 2006 through 2011 and the total number of hours billed to those two categories of cases during each year. This information goes to a key issue in the case, namely Mr. Sybrandy's work load. Mr. Sybrandy does not, however, address this request in his response. Dkt. # 169.

ORDER COMPELLING RICHARD SYBRANDY
TO COMPLY WITH SUBPOENA

After the motion to compel was filed, Mr. Sybrandy produced information regarding the total hours billed between March 2008 and December 2011 on non-public defender cases. This is insufficient for the needs of this litigation. Mr. Sybrandy suggested in an email to plaintiff's counsel that his computerized billing system contained only records from March 2008 on and that there are no electronic or paper billing records prior to that date. Decl. of Matthew J. Zuchetto (Dkt. # 174), Ex. A at 1. Plaintiffs, however, seek any documents or reports that would enable them to determine how many public defense and non-public defense cases Mr. Sybrandy handled in any give year after 2005, along with the total number of hours billed to those two categories. The fact that Mr. Sybrandy's computerized billing system is limited does not mean that there are no other documents responsive to this request. In fact, Mr. Sybrandy was apparently willing and able to provide defendants with information regarding the number of public defense cases he closed on an annual basis as of December 2011. Further production shall be ordered.

(2) In their motion, plaintiffs sought to compel the production of public defense client files that were active at any point during the month of June 2010. Dkt. # 165 at 5. The requested files are relevant in that they would provide a snapshot of the number of cases Mr. Sybrandy was handling at a given time, the complexity of those cases, and/or the level of attention Mr. Sybrandy was able to give each case. Mr. Sybrandy objects on three grounds: first, that his filing system does not allow him to determine which cases were pending in June 2010; second, that his ethical obligations preclude him from producing client files unless the client individually consents; and third, that locating and reviewing client files for production would take too much time and effort. Dkt. # 169 at 3-4.

(a) Mr. Sybrandy asserts that his files are stored in file boxes using a "hybrid alphabetical system" that would require individual review to locate files pending in a particular month. While the details of the storage system are not explained, plaintiffs are willing to modify

their request so that Mr. Sybrandy does not have to hunt through every box to find those files that were pending in June 2010. Plaintiffs now request that Mr. Sybrandy review the first box in which files beginning with "S" are located and pull all case files that were pending at any point in 2010, continuing through the alphabet until he has pulled fifty 2010 files. Although this exercise may not enable plaintiffs to evaluate the number of cases Mr. Sybrandy was handling at any one time, it is a reasonable compromise given the nature of the objection.

(b) Mr. Sybrandy's assertion that an attorney's client files are never discoverable is simply incorrect. See Pappas v. Holloway, 114 Wn.2d 198 (1990) (ordering production of client files where attorney client privilege had been waived and work product doctrine did not prevent disclosure). Plaintiffs' theory of the case is that the public defenders in Mount Vernon and Burlington were so overworked that they did not have time to communicate with or develop litigation strategy for some or all of their clients. Not only is Mr. Sybrandy's claim that all of his client files contain privileged communications and/or confidential information completely unsupported, but its truth or falsity represents one of the main issues in this litigation. The materials and information sought by plaintiffs through this subpoena cannot be obtained from other sources. In the circumstances presented here, the Court will not simply assume that the attorney client privilege or work product doctrine bars the requested discovery in its entirety.

Nevertheless, some consideration must be given to the possibility that the fifty 2010 client files that will be produced contain information that is either privileged and/or should be protected from public disclosure. Mr. Sybrandy, as keeper of the privilege, shall review each of the fifty files and withhold from the production any documents that reveal communications and advice between the attorney and the client.[1] If a document is withheld or redacted on

---

[1] To the extent the files contain work product, the material sought is central to plaintiffs' claims and, being entirely within the control of Mr. Sybrandy, cannot be obtained from other sources. It is, therefore, discoverable. See Pappas, 114 Wn.2d at 212. Use and further disclosure of the confidential and work product materials contained in these files is subject to the terms and conditions set forth

ORDER COMPELLING RICHARD SYBRANDY
TO COMPLY WITH SUBPOENA         -3-

account of the attorney/client privilege, the withholding must be indicated in the production and a privilege log sufficient to allow interested parties to evaluate each claim of privilege must be provided. At a minimum, the privilege log must identify the nature of the document, its date and subject, the parties thereto (and their connection to this litigation, if not apparent), and any other information necessary to show that the attorney/client privilege applies.

The production ordered herein will be subject to the following terms and conditions:

(I) Confidentiality: The fifty files produced by Mr. Sybrandy shall be considered confidential. Any copies, excerpts, charts, summaries, or deposition testimony regarding the files that contain names (or other identifying information) of victims or witnesses or medical information related to any person shall also be considered confidential. The protections afforded these materials do not, under any circumstance, extend to information that is in the public domain, including the name of the client and any information maintained in Mount Vernon's and Burlington's public records.

(ii) Access to and Use of Confidential Material: Plaintiffs' counsel may use confidential material only for prosecuting or attempting to settle this litigation and shall store and maintain the confidential material in a secure manner. Unless otherwise ordered by the Court or permitted in writing by the client associated with the file, plaintiffs' counsel shall restrict access to confidential material to their employees to whom it is reasonably necessary to disclose the information, the client associated with the file, the Court and its personnel, Mr. Sybrandy, and plaintiffs' experts and copy service personnel who sign the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to this order. To the extent confidential material is disclosed at a deposition, each person in attendance other than those described above (but including defense counsel) shall sign the "Acknowledgment and Agreement to be Bound."

---

below.

(iii)  Filing Confidential Material:  If confidential material is to be filed with the Court, the material should be redacted if it is not necessary for the resolution of the underlying dispute.  Otherwise, a motion to seal must be filed.  Local Civil Rule 5(g) sets forth the procedure that must be followed and the standards that will apply when a party seeks permission to file confidential materials under seal.  In addition, a copy of the motion to seal shall be served on Mr. Sybrandy.

(c)  There is no doubt that document production and privilege review activities are burdensome.  Access to relevant documents is, however, necessary to the search for truth.  The question under Fed. R. Civ. P. 45(c)(2)(B)(ii) and (3)(A)(iv) is whether the proposed production exposes Mr. Sybrandy to "significant expense" or "undue burden."  On the current record, the Court concludes that it does not.  Plaintiffs have agreed to streamline the file selection process and to limit the number of files that need to be produced.  Although a privilege review of fifty case files by a single individual could, in some circumstances, be onerous, Mr. Sybrandy presents no evidence suggesting that his files are particularly voluminous or that they contain a great number of privileged documents.  While the review will undoubtedly take some amount of time and distract the recipient from his normal operations, there is nothing novel about that situation.  Courts do not usually shift the legal fees associated with a document review and production to the requesting party, and there is no reason to do so here.  The only out-of-pocket expense identified (other than the cost of a pen) is copying costs.  Mr. Sybrandy may, at his option, use his own or plaintiffs' copy service and have those expenses paid by plaintiffs.

(3)  Two former clients of Mr. Sybrandy signed releases authorizing him to produce their complete, unredacted files to plaintiffs.  The Court assumes, based on counsel's representations, that Mr. Wilbur's and Ms. Martineau's files have now been produced.

For all of the foregoing reasons, plaintiffs' motion to compel is GRANTED.

Mr. Sybrandy shall, within fourteen days of the date of this order, produce to plaintiffs any documents or reports which, when considered separately or in compilation, would enable plaintiffs to determine how many public defense and non-public defense cases Mr. Sybrandy handled in any give year from 2006 to 2011, along with the total number of hours billed to each of those categories. Documents tending to show how many cases Mr. Sybrandy handled or hours he worked on an annual basis, as well as open- and/or closed-case reports are deemed responsive. Mr. Sybrandy shall also, within twenty eight days of the date of this order, produce fifty case files and, if necessary, a privilege log as described in paragraph (2).

Dated this 27th day of June, 2012.

Robert S. Lasnik
United States District Judge

**Exhibit A**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand paragraphs (2)(b)(I)-(iii) governing the use and disclosure of confidential materials in this litigation. I agree to comply with and to be bound by all the terms of those paragraphs. I agree not to further disclose in any manner any confidential material to any person or entity.


Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____