UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____  )
JOSEPH JEROME WILBUR, *et al.*,   )   No. C11-1100RSL
                                  )
                    Plaintiffs,   )
        v.                        )   ORDER COMPELLING MORGAN
                                  )   WITT TO COMPLY WITH SUBPOENA
CITY OF MOUNT VERNON, *et al.*,   )
                                  )
                    Defendants.   )
_____  )

This matter comes before the Court on "Plaintiffs' Motion to Compel Morgan Witt's Compliance with Subpoena Duces Tecum." Dkt. # 177. Plaintiffs issued a Rule 45 subpoena duces tecum to Mr. Witt in August 2011. Decl. of J. Camille Fisher (Dkt. # 178), Ex. A. Through a series of conferences, the original subpoena has been substantially narrowed and plaintiffs seek to compel the production of Mr. Witt's public defense files for clients charged with crimes in June 2010 or with cases pending in June 2010.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Mr. Witt argues that production of the requested client files is barred by the attorney/client privilege. Mr. Witt has not met his burden of showing that the files contain privileged communications, providing only a bald statement that "the records and files herein sought by plaintiffs within the protections of . . . RCW 5.60.060. [sic]" Decl. of Morgan M. Witt (Dkt. # 182) at ¶ 8. The level of attention counsel was able to give each case, including whether

ORDER COMPELLING MORGAN WITT
TO COMPLY WITH SUBPOENA

or not counsel engaged in attorney/client communications, is a key issue in this litigation. The Court will not simply assume that the attorney client privilege bars the requested discovery in its entirety.

(2) Mr. Witt also argues that Rule of Professional Conduct 1.6(a) precludes compliance with the subpoena. While the requested client files are undoubtedly "information relating to the representation of a client," the Court finds that the files are relevant to Mr. Witt's workload, the complexity of the cases he handled, and whether counsel actually communicated with or developed litigation strategy for his clients and that this information cannot be ascertained through other sources. Given the circumstances of this case, an order compelling production under RPC 1.6(b)(6) is justified.

(3) Some consideration must be given to the possibility that some or all of the June 2010 client files contain information that is privileged, however. Mr. Witt, as keeper of the privilege, shall review each of the responsive files and withhold from the production any documents that reveal confidential communications and advice between the attorney and the client. If a document is withheld or redacted on account of the attorney/client privilege, the withholding must be indicated in the production and a privilege log sufficient to allow plaintiffs and the Court to evaluate each claim of privilege must be provided. At a minimum, the privilege log must identify the nature of the document, its date and subject, the parties thereto (and their connection to this litigation, if not apparent), and any other information necessary to show that the attorney/client privilege applies. Mr. Witt may, at his option, use his own or plaintiffs' copy service and have the copying costs paid by plaintiffs.

The production ordered herein will be subject to the following terms and conditions:

(a) Confidentiality: The June 2010 files produced by Mr. Witt shall be considered confidential. Any copies, excerpts, charts, summaries, or deposition testimony regarding the

ORDER COMPELLING MORGAN WITT
TO COMPLY WITH SUBPOENA                -2-

files that contain names (or other identifying information) of victims or witnesses or medical information related to any person shall also be considered confidential. The protections afforded these materials do not, under any circumstance, extend to information that is in the public domain, including the name of the client and any information maintained in Mount Vernon's and Burlington's public records.

(b) Access to and Use of Confidential Material: Plaintiffs' counsel may use confidential material only for prosecuting or attempting to settle this litigation and shall store and maintain the confidential material in a secure manner. Unless otherwise ordered by the Court or permitted in writing by the client associated with the file, plaintiffs' counsel shall restrict access to confidential material to their employees to whom it is reasonably necessary to disclose the information, the client associated with the file, the Court and its personnel, Mr. Witt, and plaintiffs' experts and copy service personnel who sign the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to this order. To the extent confidential material is disclosed at a deposition, each person in attendance other than those described above (but including defense counsel) shall sign the "Acknowledgment and Agreement to be Bound."

(c) Filing Confidential Material: If confidential material is to be filed with the Court, the material should be redacted if it is not necessary for the resolution of the underlying dispute. Otherwise, a motion to seal must be filed. Local Civil Rule 5(g) sets forth the procedure that must be followed and the standards that will apply when a party seeks permission to file confidential materials under seal. In addition, a copy of the motion to seal shall be served on Mr. Witt.

(3) Mr. Witt's request for fees and costs incurred in responding to plaintiffs' motion is DENIED.

ORDER COMPELLING MORGAN WITT
TO COMPLY WITH SUBPOENA                -3-

For all of the foregoing reasons, plaintiffs' motion to compel (Dkt. # 177) is GRANTED.  Mr. Witt shall, within twenty eight days of the date of this order, produce the requested June 2010 case files and, if necessary, a privilege log as described in paragraph (3).

Dated this 27th day of July, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER COMPELLING MORGAN WITT
TO COMPLY WITH SUBPOENA              -4-

**Exhibit A**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand paragraphs (2)(b)(I)-(iii) governing the use and disclosure of confidential materials in this litigation.  I agree to comply with and to be bound by all the terms of those paragraphs.  I agree not to further disclose in any manner any confidential material to any person or entity.


Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____