THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH JEROME WILBUR, a Washington resident; JEREMIAH RAY MOON, a Washington resident; and ANGELA MARIE MONTAGUE, a Washington resident, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>CITY OF MOUNT VERNON, a Washington municipal corporation; and CITY OF BURLINGTON, a Washington municipal corporation,<br><br>          Defendants. | NO.  2:11-cv-01100 RSL<br><br>**DECLARATION OF TOBY J. MARSHALL IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER BY MOUNTAIN LAW, PLLC AND BAKER LEWIS SCHWISOW & LAWS** |

I, Toby J. Marshall, declare as follows:

1.      I am a member of Terrell Marshall Daudt & Willie PLLC ("TMDW") and co-lead counsel for Plaintiffs and Class members in the above-captioned matter.  I make this declaration based on personal knowledge, and I am competent to testify regarding the following facts.

2.      Given the position taken by the Cities in their motion for a trial continuance, Plaintiffs issued subpoenas to Mountain Law PLLC and the Law Firm of Baker, Lewis,

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Schwisow & Laws.  *See* Dkt. No. 209-1 at 18-33.  This was Plaintiffs' first subpoena to Baker

2   Lewis and second subpoena to Mountain Law.

3          3.     Plaintiffs' initial subpoena to Mountain Law was issued in June when Plaintiffs

4   learned the firm had signed a contract with the Cities for public defense services.  A copy of the

5   subpoena can be found at Dkt. No. 209-1, pages 8-16.  The responsive documents were to be

6   produced on June 22 but at Mountain Law's request, Plaintiffs gave the firm a one-week

7   extension.  Prior to the production, counsel for Mountain Law contacted Plaintiffs' counsel and

8   stated that there were no responsive documents for six of the requests.  Mountain Law's

9   counsel also stated that the firm was unwilling to produce some of the requested material in

10  native form on the ground the data included information protected by the work product and

11  attorney-client privilege.  Plaintiffs' counsel agreed that Mountain Law could produce the

12  requested information in hard copy and without protected or privileged material.  Finally,

13  Mountain Law's counsel raised concerns about the confidential nature of certain bid

14  information and asked Plaintiffs to agree to a protective order that would shield that

15  information from disclosure outside of the litigation.  Plaintiffs consented to this, and the

16  protective order was entered on August 27, 2012.  *See* Dkt. No. 190.

17         4.     At no point did Mountain Law assert that the initial subpoena Plaintiffs issued

18  was burdensome or overbroad.  In all, Mountain Law produced 589 pages of responsive

19  material.

20         5.     When the Cities indicated their intent to defend this case by relying in large part

21  on the current performance of Mountain Law, Plaintiffs issued a second subpoena to the firm.

22  A copy of the second subpoena can be found at Dkt. No. 209-1, pages 18-25.

23         6.     Plaintiffs' counsel are unaware of the identity of the other jurisdictions with

24  which Baker Lewis has relationships.  Plaintiffs' counsel are also unaware of the manner in

25  which Baker Lewis / Mountain Law is handling the caseloads from two additional jurisdictions

26  (Mount Vernon and Burlington) with the same number of attorneys it had before the contract.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 2
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    7.    Jon Lewis, one of the founding members of Baker Lewis and Mountain Law,

2    claims to have "worked hard to create a distinction between the entities, so that they [can]

3    operate independently." Dkt. No. 209 at 4. Plaintiffs believe this purported distinction is

4    superficial and designed solely to shield the entities from disclosing, among other things, the

5    past and present involvement of their attorneys in delivering public defense services and the

6    actual caseloads those attorneys are carrying. For example, Plaintiffs previously asked

7    Mountain Law and its members to produce any bid proposals they have submitted to other

8    governmental entities. *See* Dkt. No. 209-1 at 3-4 (defining "you" to include Michael Laws,

9    Christine Baker, and Jon Lewis). Plaintiffs also asked Mountain Law and its members to

10   produce documents showing the number of hours they have worked on public and private

11   cases. *See id.* at 16. Though the members of the firm are under contract with Everett (and,

12   perhaps, other jurisdictions), they refused to provide any information beyond the Cities on the

13   ground that "Mountain Law" has not bid on other contracts and "Mountain Law" only works

14   on public defense cases for the Cities.

15   8.    Because Baker Lewis is the entity that actually bid on and was awarded the

16   Cities' contract and because it is unclear how Baker Lewis and Mountain Law divide work

17   between their attorneys, Plaintiffs issued a subpoena to Baker Lewis. A copy of that subpoena

18   can be found at Dkt. No. 209-1, pages 27-33.

19   9.    Plaintiffs issued the challenged subpoenas on September 11, 2012. *See* Dkt. No.

20   209-1 at 18, 27. Plaintiffs gave Mountain Law and Baker Lewis until September 26 (fifteen

21   days) to respond. *See id.* On September 18, counsel for the firms called Plaintiffs' counsel and

22   asked to extend the response deadlines. Plaintiffs' counsel agreed to move the date for Baker

23   Lewis to October 5, but counsel were unable to grant a similar extension to Mountain Law

24   because of the need to review responsive documents in preparation for depositions on October

25   1 and 2. The best Plaintiffs could offer was to extend Mountain Law's response date to

26   September 27.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 3
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

10.     During the September 18 call, counsel for Mountain Law and Baker Lewis never expressed any objections to the subpoenas.  On September 26, Mountain Law and Baker Lewis sent a "formal response" to Plaintiffs' subpoenas.  This letter, which is identified as Exhibit 9 below, included six general objections, but the firms failed to provide specificity in support of their conclusory assertions or ask Plaintiffs to modify their requests (as Plaintiffs had agreed to do with the first subpoena to Mountain Law).

11.     With respect to the communications between Plaintiffs' counsel and their Class member clients, Mountain Law and Baker Lewis sent a letter on September 21, 2012, asking counsel to explain how the communications comply with Rule 4.2 of the Rules of Professional Conduct ("RPC") (there was no mention of Rule 4.4).  A copy of that letter is identified as Exhibit 10 below.  A few hours later, Plaintiffs' counsel responded by providing a declaration from Professor John Strait that addressed the same issue in a related case.  A copy of that response is identified as Exhibit 11 below.  Counsel were unable to get an updated declaration from Professor Strait because he was on his way out of town for a vacation through October 4, 2012.  When Mountain Law and Baker Lewis filed their motion, counsel requested a one-week extension to respond so that they could obtain a declaration from Professor Strait, but the request was denied.  Consequently, counsel obtained the declaration of Professor Robert Aronson submitted with Plaintiffs' response.

12.     Attached hereto as Exhibit 1 is a true and correct copy of an excerpt from the February 22, 2012 Baker Lewis Schwisow & Laws, PLLC Qualifications for Public Defense Services, labeled MT-LAW_000161.

13.     Attached hereto as Exhibit 2 is a true and correct copy of the Corporation Detail for Mountain Law, PLLC from the Washington Secretary of State Corporations and Charities Division website, www.sos.wa.gov/corps/search_detail.aspx?ubi=603191405.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 4
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

14.     Attached hereto as <u>Exhibit 3</u> is a true and correct copy of excerpts from the August 16, 2012 City of Mount Vernon City of Burlington Public Defense Services 2012-2013 Contract for Services, labeled MT-LAW_000206, 218 and 229.

15.     Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a document containing notes from an interview with Baker Lewis Schwisow & Laws, PLLC, labeled DEFS_001716-1718.

16.     Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a document titled "Recommendation for Contract for Indigent Defense Services, labeled DEFS_001680-1681.

17.     Attached hereto as <u>Exhibit 6</u> is a true and correct copy of a July 30, 2012 email from Jon Lewis to Eric Stendal and Brian Harrison regarding "future payments for legal services," labeled DEFS_002781-DEFS_002782.

18.     Attached hereto as <u>Exhibit 7</u> is a true and correct copy of a September 24, 2012 email from Michael Laws to Vanessa Echavez and Patrick Eason regarding "In Custody Clients," labeled DEFS_002825.

19.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of a September 26, 2012 letter from Anthony Gipe regarding the subpoena *duces tecum* addressed to Mountain Law, PLLC.

20.     Attached hereto as <u>Exhibit 9</u> is a true and correct copy of a September 21, 2012 letter from Anthony Gipe regarding contact with Class members.

21.     Attached hereto as <u>Exhibit 10</u> is a true and correct copy of a September 21, 2012 letter to Anthony Gipe attaching a copy of Mr. Strait's August 11, 2005 declaration.

22.     Attached hereto as <u>Exhibit 11</u> is a true and correct copy of a December 9, 2008 email from Richard Sybrandy to John Aarstad regarding, "Contract issues," labeled 0001788-1789.

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 5
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    I declare under penalty of perjury under the laws of the State of Washington the

2    foregoing is true and correct and that this declaration was executed in Seattle, Washington, on

3    the 3rd day of October, 2012.

4

5

6                                          By:   /s/ Toby J. Marshall, WSBA #32726
                                                Toby J. Marshall, WSBA #32726
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 6
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

**CERTIFICATE OF SERVICE**

I, Toby J. Marshall, hereby certify that on October 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Rogerson, WSBA #31664
Email:  kevinr@mountvernonwa.gov
CITY OF MOUNT VERNON
910 Cleveland Avenue
Mount Vernon, Washington  98273-4212

*Attorneys for Defendant City of Mount Vernon, Washington*

Scott G. Thomas, WSBA #23079
Email:  sthomas@ci.burlington.wa.us
CITY OF BURLINGTON
833 South Spruce Street
Burlington, Washington  98233-2810

*Attorneys for Defendant City of Burlington, Washington*

Andrew G. Cooley, WSBA #15189
Email:  acooley@kbmlawyers.com
Jeremy W. Culumber, WSBA #35423
Email:  jculumber@kbmlawyers.com
Adam L. Rosenberg, WSBA #39256
Email:  arosenberg@kbmlawyers.com
KEATING, BUCKLIN & MCCORMACK, INC., P.S.
800 Fifth Avenue, Suite 4141
Seattle, Washington  98104-3175

*Attorneys for Defendants Cities of Burlington, Washington and Mount Vernon, Washington*

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 7
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    DATED this 3rd day of October, 2012.

2                                    TERRELL MARSHALL DAUDT & WILLIE PLLC

3                                    By:   /s/ Toby J. Marshall, WSBA #32726
4                                          Toby J. Marshall, WSBA #32726
                                           Email:  tmarshall@tmdwlaw.com
5                                          936 North 34th Street, Suite 400
                                           Seattle, Washington  98103-8869
6                                          Telephone:  (206) 816-6603

7                                    *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF TOBY J. MARSHALL IN
SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION
FOR PROTECTIVE ORDER BY MOUNTAIN LAW,
PLLC AND BAKER LEWIS SCHWISOW & LAWS - 8
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# EXHIBIT 1



## BAKER, LEWIS
## SCHWISOW & LAWS, PLLC

February 22, 2012

City Administrator
City of Burlington
833 South Spruce Street
Burlington, Washington 98233-1945

## RFP – PUBLIC DEFENDER

## QUALIFICATIONS FOR PUBLIC DEFENSE SERVICES



The Partners of Baker, Lewis, Schwisow & Laws presents a proposal for Public Defender Services for both the Cities of Burlington and Mt. Vernon.

### Baker, Lewis, Schwisow & Laws, PLLC – Who We Are

Baker, Lewis, Schwisow & Laws, PLLC (BLSL) is a Professional Limited Liability Company (PLLC) consisting of three partners: Chris Baker, Michael Laws, and Jon Lewis. A short biography of each is included below with their respective resume attached hereto. Since 2009, BLSL has contracted with the City of Everett to handle all indigent defense services. BLSL also employs five Associate Attorneys all of which are experienced and knowledgeable about the provision of indigent defense services. Over 90% of our current practice is dedicated to public defense services alone. If selected to provide legal services to Burlington and Mt. Vernon, the attorneys assigned will dedicate 100% of their practice to service the contract.

Our compliance with the terms of our agreement with the City of Everett has been very positive and well received by the authorities. We work very well with the prosecutor's office and have a trusting and professional relationship with the City Attorney, Jim Iles. None of the attorneys in

MT-LAW_000161

# EXHIBIT 2



Contact Us | Connect

Search OSOS Sites | SEARCH

# Corporations and Charities Division

| Corporations Home | Nonprofit Home | Charities Home | Awards | Public Notices | Contact Info |

## Corporation Detail

Neither the State of Washington nor any agency, officer, or employee of the State of Washington warrants the accuracy, reliability, or timeliness of any information in the Public Access System and shall not be liable for any losses caused by such reliance on the accuracy, reliability, or timeliness of such information. While every effort is made to ensure the accuracy of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from the System does so at his or her own risk.

All documents filed with the Corporations Division are considered public record.

### MOUNTAIN LAW, PLLC

| | |
|---|---|
| UBI Number | 603191405 |
| Category | PLC |
| Profit/Nonprofit | Profit |
| Active/Inactive | Active |
| State Of Incorporation | WA |
| WA Filing Date | 03/19/2012 |
| Expiration Date | 03/31/2013 |
| Inactive Date | |
| Duration | Perpetual |
| Registered Agent Information | |
| Agent Name | Christine Baker |
| Address | 2114 Riverside Drive STE 206 |
| City | MOUNT VERNON |
| State | WA |
| ZIP | 98273 |
| Special Address Information | |
| Address | |
| City | |
| State | |
| Zip | |

#### Governing Persons

| Title | Name | Address |
|---|---|---|
| Member | Laws, Michael | 1912 106th Ave SE Lake Stevens, WA |
| Member | Baker, Christine | 2463 26th Ave E Seattle, WA |
| Member | Lewis, Jonathan | 2463 26th Ave E Seattle, WA |

<u>Purchase Documents for this Corporation »</u>

<u>« Return to Search List</u>

---

**Phone Numbers | Privacy Policy | Accessibility | Mobile**
**Washington Secretary of State - Corporations Division**
**801 Capitol Way South**
**PO Box 40234, Olympia WA 98504-0234**
**(360) 725-0377**

Translate our site into:

Select Language ▾

Powered by Google Translate

# EXHIBIT 3

# City of Mount Vernon
# City of Burlington
# Public Defense Services
# 2012 – 2013 Contract for Services
### April 16, 2012

WSS975196.DOC;1\00005.001006\

necessary to the case or person, or in any manner has been found to be ineffective on appeal by either an ethics panel or by an appellate court.

C.    Monitoring and Evaluations:

With respect to a nonlawyer employed or retained by or associated with the Public Defender, the Public Defender shall ensure that the Public Defender has in effect measures giving reasonable assurance that the persons conduct is compatible with professional obligation of the Public Defender required under RPC 5.3 as now or hereafter amended including performing professional performance evaluations of paraprofessional staff when warranted and engaging in appropriate discipline when the Public Defender knows of specific conduct that would be a violation of the Rules of Professional Conduct.  The Public Defender shall submit to the City a report of any discipline arising out of the performance of this agreement by paraprofessional staff. Subordinate attorneys may not be employed by the Public Defender to be used in the performance of this agreement unless agreed to by the parties and a systematic monitoring and evaluation of attorney performance is established

## Section 6: PAYMENT

A.    The Cities shall reimburse the Public Defender for the services as specified in Section 4, Scope of Work, in accordance with the following fee schedule.

    1.    For the period from April 16, 2012 to April 30, 2012, the Cities will pay the Public Defender Eight Thousand Seven Hundred Fifty Dollars ($8,750.00) within ten (10) business days of the close of the calendar month.

    2.    The Cities shall pay the Public Defender monthly within ten (10) business days of the close of the calendar month the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00).

    3.    If, during the period April 16, 2012, to May 31, 2013, the Public Defender accrues case credits in excess of 1,000, as shown on its monthly case reportings, an excess case credit of Fifty Dollars ($50.00) will be paid for case credits in excess of the 1,000 credit cap.

    4.    The Cities shall, for internal purposes, allocate the cost of this contract fifty-three and nine tenths percent (53.9%) to Mount Vernon and forty-six and one tenth percent (46.1%) to Burlington.  This allocation shall be reviewed at or about May 31, 2013 and adjusted to reflect actual usage as shown by assigned case credits.

B.    The Public Defender shall provide the Cities with a monthly report regarding case assignments twenty (20) working days after the close of each calendar month.  The Public Defender shall provide a monthly report which details completed case assignments and case credits earned/claimed adjustments to credits for existing assignments, defendant's name, cause number, and resolution and/or disposition.  The report shall also

H.    Negotiated Agreement: The Parties acknowledge that this is a negotiated Contract, that they have had the opportunity to have this Contract reviewed by their respective legal counsel, and that the terms and conditions of this Contract are not to be construed against any Party on the basis of such Party's draftsmanship thereof.

IN WITNESS WHEREOF, in consideration of the terms, conditions, and covenants contained herein, or attached and incorporated and made a part hereof, the Parties have executed this Contract by having their representatives affix their signatures below.

**PUBLIC DEFENDER**

By: _____   Michael Laws

Date: 4-6-12

By: _____

Date: 4-6-12

By: _____

Date: 4/6/18

d/b/a MOUNTAIN LAW, PLLC

**APPROVED:**

**CITY OF MOUNT VERNON**

By: _____

Jill Boudreau, Mayor

Approved as to Form:

By: _____
W. Scott Snyder, Special Counsel

Attest:

By: _____
Alicia D. Huschka, Finance Director

# EXHIBIT 4

Baker / Lewis / Laws    (Have 7 atty total)    BLSL    3/13/12
(3 partners)    { pros 3/3/9    9 AM
                  mis }

I Presentation

1. Tell us about your firm, its organization and structure, and its capacity to provide indigent defense services in MV/B. Who present today will be actively involved in providing indigent defense services here, and what will their roles be?  Pros. in Yakima (all 3 District Ct)

Everett July 2009    / Schwertzow ⇒    (Lewis - Managing partner)
                          7 one + one      (HR - admin. - Chris / licenses) etc. (Ins.)
Mike (tech geek)

2. Tell us about your firm's philosophy toward provision of indigent defense services.
        Follow antiktlen | social work (rehab = 1° goal    Build relationship ⊤    example =  (Drug ct)
discuss = Everett - main attractor -    
1st         open comm. - work cats (Sim Miles) ⇒ pros. Diversion program

3. Describe your experience in administering and developing indigent defense service programs.
   assgn public def
   (so know)      Therapeutic ct -    probation    exch atty
   assgnd pub def                      DV          lap top =
   (so know)   System - Justic Works - blender    Drug ct    see all cases
                          customize    data       diversion

4. Tell us about your proposed indigent defense legal, support, and administrative staff that will have a direct role in providing services in MV/B. What factors led to assembling this particular team? Why is your proposal the best for MV/B?   3 leads
voicemail
email       2 paralegals - 1-spanish / 1-Erica    use language line
message so                                         exp. investigator - good
phones auto   2 atty + onsite partner + bi-zone    get 1-800 / (24-hr #)
go to email    + Mike (Mikehaus) + note #4
as voice
message
uses caller
ID + phone #

5. What will be your firm's biggest challenges in providing Indigent Defense Services in Mount Vernon and Burlington?   Already have est. practice    | Transition
        Find physical location - office in MV -      | ⟶ work ct -
        exstg patron - paralegal - legal ⟶ arlington | over
                                                      | sim - Δ to electronic

6. Tell us what you know about the indigent defense service provision in MV/B?

7. Tell us how you have structured your proposal to meet MV/B specific indigent defense needs?
   Yakima - DUI ( Everett - MH /

8. Tell us how you intend to manage the MV/B indigent defense case load, courtroom demands, and client contact both in and out of custody.
   { 8-9 }
     12

   { only 1 atty sep. ⊤ caseload }

*Contract Admin. : Dave Hall*
*complaints (lose) - has it verbal*

9. Detail how you intend to perform case management and reporting - specifically how will you track and report case data to the cities.

*IT → Mike*
*& Tom ___*

*% hispanic - 10%*
*at - submit*
*Advance later-*

(Opts) 10. Do you have any questions or concerns regarding the proposed contract?

*(2yr?) contract & extensions*

*May 1st*

*{ Start (overlap) }*
*end of April*

*Info only* 11. Do you intend to retain a public or private caseload here or in other jurisdictions? If so, to what extent, and how will you ensure adequate indigent defense service provision in MV/B?

*public - Everett -*

*more to*
*{ 5-9 }*

(12) What role will your firm's management perform in monitoring the quality and quantity of indigent defense services provided in MV/B?

*↳ The unknown!*

*{ 3 - we yes guarantee performance }*

*(signing beyond corporate)*

*Info 13 Followup : If a PLLC - will persons*
*{Pat} → commit for contract*

*(yes)*

14. Followup: who will personally guarantee
*contract performance*

15. *[ Balance % of private/public ] ∅*

16. Who's the lead - who do we call!
*atty*

*↳ Managing -*
*Site Manager - Mike - asst mgr -*

0-5pB

1-3
4
5
7
8,9,12

# EXHIBIT 5

## RECOMMENDATION FOR CONTRACT FOR INDIGENT DEFENSE SERVICES

### Mount Vernon and Burlington:  May 1, 2012 – December 31, 2013

The Cities of Burlington and Mount Vernon have completed a request for proposal process to select one or more providers of indigent legal defense services for the 2012 – 2013 contract period.  The existing 2011 indigent defense contracts have been extended through April 30, 2012 (there are currently two separate contract attorneys providing services to the two cities).

The cities were assisted in this process by three attorneys with extensive experience in providing and/or evaluating indigent defense services in Washington.  The cities engaged W. Scott Snyder to assist in development of new indigent defense standards, to develop an updated indigent defense contract, and to develop a comprehensive RFP process.  Jim Feldman was engaged to conduct a review of our existing indigent defense programs and to make recommendations for improvements as needed.  Patrick Hayden was engaged to assist in the review, screening, interview and selection of the firms that responded to the RFP.

Following an extensive RFP development, recruitment, screening and review process, the review team recommends that the Burlington City Council authorize the Mayor to sign a contract with the firm Baker, Lewis, Schwisow & Laws, PLLC (referred to as BLSL) to perform indigent defense services in Burlington for the period of May 1, 2012 – December 31, 2013.

The cities received six complete responses to the RFP.  A response review and screening committee consisting of Bryan Harrison, W. Scott Snyder and Patrick Hayden identified two highly qualified firms for initial interview.  An interview team consisting of Bryan Harrison, Eric Stendahl and Patrick Hayden performed interviews and reference checks on the two firms.

The proposed contract terms are as follows:

- Contract Period May 1, 2012 – December 31, 2013
- Two separate contracts; Mount Vernon and Burlington
- Contract to be based upon the model developed by W. Scott Snyder
- Contract performance to achieve standards established by City of Mount Vernon public defense ordinance and City of Burlington public defense resolution
- BLSL to open law office in Mount Vernon or Burlington, and to locate one partner in the office, to provide two attorneys, and to provide one legal assistant/office coordinator
- Contract amount of $210,000 per year based upon an estimate of 1,735 cases (800 Burlington / 935 Mount Vernon).  Cost to be split 53.9% to Mount Vernon ($113,190) and 46.9% to Burlington ($96,810).  Proposal for excess case compensation to be developed by BLSL (note: average case cost in the base bid is $121/case)
- BLSL to bind existing partners to contract performance
- Contract to allow for some advancement of funds (no overall increase in cost) to allow for one time upfront expense associated with establishing an office here
- BLSL to work with existing providers in April 2012 to assume files

Baker, Lewis, Schwisow and Laws, PLLC is an established and highly recommended firm currently providing indigent defense services to the City of Everett.  The firm specializes in provision of indigent defense services. The attorneys assigned to Burlington and Mount Vernon will not carry a private client case load.  The firm will provide two attorneys that will be located 100% in Burlington / Mount Vernon, and will locate one partner in Burlington / Mount Vernon as the on-site manager.  In addition, one legal assistant will be in the Burlington / Mount Vernon office.  The firm is paperless, and has developed an existing detailed electronic case tracking, management and reporting system.

EXHIBIT 6

| | |
|---|---|
| **From:** | Jon Lewis |
| **To:** | Stendal, Eric; bryanwh@ci.burlington.wa.us |
| **Subject:** | Future payments for legal services |
| **Date:** | Monday, July 30, 2012 11:21:38 AM |

Brian and Eric,

I sincerely hope there is a way that we can set up some sort of system where we can receive payment for our services through direct deposit.   I understand that you each have a city council to answer to; however, these particular costs are very consistent and will not fluctuate from month to month.

Currently the contract calls for payment by the 10th of every month. We don't need to change that date, but if the funds can be directly deposited into out account on that date it would make this process a lot easier (on our end at least).

If that is not feasible, maybe we can have the checks available to be picked up in person (preferably in one location) on the 10th of each month.  That way we could send a clerk over to obtain the checks and have them deposited that day.

A quick review of the upcoming months indicate that in <u>February</u>, <u>March</u>, <u>August</u>, and <u>November</u> of 2013, the 10th falls on a Saturday or Sunday.  In those events, we would appreciate it if the checks could be retrieved the preceding Friday.

Once you have had the opportunity to consider these options, please contact me so we may discuss it further.  I can be reached at (509) 654-6138.  Thank you for your time and attention.

DEFS_002781

Sincerely,

Jon Lewis



**1712 Pacific Avenue, Ste. 204**
**Everett, WA 98201**
**Phone: 425.512.9731**
**Fax: 425.322.3347**

Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.

# EXHIBIT 7

| From: | Michael Laws |
|---|---|
| To: | Echavez, Vanessa; patrick@easonlaw.com |
| Cc: | Sarah Serrano |
| Subject: | In Custody Clients |
| Date: | Monday, September 24, 2012 1:20:30 PM |
| Attachments: | image001.png |

Vanessa / Pat:

The clients below are in custody and have court October 2nd... I would like to go and visit them at the jail, but it is fairly pointless to do so until I have police reports and/or an offer to go over with them.  The difficulty is that there is very little space in which to schedule time between now and 10/02/12 to go and visit them at the jail.  I know that, for example, on Mr. Knott, we've only just been appointed and filed our NOA on 09/21/12 on the cases listed below.  He also has 3 other matters that we represent him on where he'd bench warranted and we do have discovery on those, but again... a little bit pointless to go and try to talk to him about resolution on his cases if we don't have some type of global offer on all 6 files.  Any info you can give me would help.  Thanks!

| MC0026392 | MVM | Assault IV DV | MDL | Harper, Leron | | Pending | 10/2/2012 9:30 am | Pretrial Conference | 6/18/2012 | ☑ ☐ ☐ |
| 2Z0333248 | MVM | CRIMINAL TRESPASS 2ND DEGREE | MDL | Knott, Jesse R | | Pending | 10/2/2012 9:30 am | Pretrial Conference | 8/22/2012 | ☑ ☐ ☐ |
| MC0026646 | MVM | CRIMINAL TRESPASS 2ND DEGREE | MDL | Knott, Jesse R | | Pending | 10/2/2012 9:30 am | Pretrial Conference | 9/20/2012 | ☑ ☐ ☐ |
| MC0027541 | MVM | CRIMINAL TRESPASS 2ND DEGREE | MDL | Knott, Jesse R | | Pending | 10/2/2012 9:30 am | Pretrial Conference | 8/20/2012 | ☑ ☐ ☐ |

EXHIBIT 8



# OLYMPIC LAW GROUP PLLP

DENNIS J. McGLOTHIN*
ANTHONY D. GIPE**
SERIN NGAI****
HUBERT A. GRISSOM***
ROBERT J. CADRANELL****
* admitted to practice in Washington and Florida
**admitted to practice in Washington and Oregon
***admitted to practice in Florida and Alabama
****admitted to practice in Washington

ANTHONY DAVID GIPE
DIRECT DIAL: (206) 957-6453
EMAIL: anthony@olympiclaw.com

September 26, 2012

***VIA EMAIL***

Mr. Toby Marshall, Esq.
Terrell Marshall Daudt & Willie, PLLC
936 North 34th Street, Suite 400
Seattle, WA 98103-8869

***Re:    USDC Case No. 2:11-cv-01100RSL***
***Subpoena Duces Tecum to Mountain Law PLLC***

Dear Toby:

We are providing my clients' formal response to the subpoenas set for production on September 26, 2012.

Both MOUNTAIN LAW and BAKER LEWIS SCHWISOW & LAWS are third parties to this litigation, and they respectfully object to plaintiffs' September 11th subpoenas *duces tecum* as follows:

1. The subpoenas seek records and documents that are protected from disclosure by the attorney-client privilege and work product doctrine;

2. The subpoenas seek information of a confidential nature;

3. The subpoenas pose an undue burden and harm to these third parties and the cost to respond is unreasonable and will require unusual expense to comply;

4. The subpoenas interfere with these third parties' business operations and expectancies;

5. The subpoenas seek documents that are more readily available from alternative sources;

6. The subpoenas are duplicative and potentially harassing; and

7. It appears that two of the plaintiffs, Wilbur and Moon, are currently clients of Mountain Law. The compulsory power of the subpoena to their own current defense counsel is of course problematic and may result in disqualification of Mountain Law from representing

Mr. Toby Marshall, Esq.
September 26, 2012
Page 2

them.  This issue is currently being reviewed and we will advise you further upon our further review in this matter.

For the foregoing reasons, these third parties hereby object to the above-noted subpoenas, and state their intent to seek a protective order and all other relief deemed appropriate by the Court. We are scheduled to discuss these issues with your colleague on Thursday, as a precursor to filing a motion for protective order.

Further, with regard to the plaintiffs' recent acquisition of declarations from Mountain Law clients, we formally object to the *ex parte* contact.  Although you provided us with a seven year old declaration from Mr. Strait, no authority has ruled that such contact is permissible, and it seems to fly in the face of RPC 4.2, and 4.4.  Professor Strait's declaration does not even specifically address the facts of this current case, and it relies on a reading of "adversary" that is not in the rule.  However, even if the *ex parte* contact did not technically breach the RPC's, there can be no doubt that the contact is interfering with our client's ability to perform their services. As such, if you will not agree to discontinue such practices, we will seek protective orders to stop the practice.  Please be prepared to discuss this issue in our conference tomorrow.

If you have any questions or concerns, please contact me.

Sincere Regards,

Anthony David Gipe

# EXHIBIT 9



DENNIS J. McGLOTHIN*
ANTHONY D. GIPE**
SERIN NGAI****
HUBERT A. GRISSOM***
ROBERT J. CADRANELL****
*admitted to practice in Washington and Florida
**admitted to practice in Washington and Oregon
***admitted to practice in Florida and Alabama
****admitted to practice in Washington


ANTHONY DAVID GIPE
DIRECT DIAL: (206) 957-6453
EMAIL: anthony@olympiclaw.com

September 21, 2012


**VIA EMAIL**


Mr. Toby Marshall, Esq.
Terrell Marshall Daudt & Willie, PLLC
936 North 34th Street, Suite 400
Seattle, WA  98103-8869


Re:     *USDC Case No. 2:11-cv-01100RSL*
        *My Client Mountain Law PLLC*

Dear Toby:

I am writing to inquire with you about a recent turn of events in the litigation that raised some serious issues regarding *ex parte* contact by your office with persons who are represented by my clients.  In your firm's recent response to a motion for continuance of trial date, you filed five declarations of individuals who are currently represented by my clients.

The preparation of these declarations obviously included contact by agents of your firm with these persons, when it is known that they are currently represented by counsel.  Further the topic of these declarations appears directly related to the representation of these persons by my clients. If so, this would appear to violate Rule of Professional Conduct (RPC) 4.2.

Would you be able to explain to us how you were able to have *ex parte* contact with represented people without going through counsel and advising them of such requested contact.  It seems to me that the mere fact that your firm(s) may represent a class of people does not vitiate the *ex parte* contact rule. See the comments to RPC 4.2.

We invite you to inform us how these clients of Mountain Law were approached, who assisted in obtaining these declarations, and what justification supports approaching represented parties in such a fashion so that we can evaluate whether violations of the RPC occurred or not.  If we do not have an immediate explanation of how these declarations were obtained, we intend to file appropriate motions for relief from the Court.

Mr. Toby Marshall, Esq.
September 21, 2012
Page 2


Please contact me directly on this matter.

Sincere Regards,

***Sent without signature to avoid delay.***

Anthony David Gipe

Mr. Toby Marshall, Esq.
September 21, 2012
Page 3


bcc:    Clients

EXHIBIT 10



936 N. 34th St, Ste 400
Seattle, WA 98103
T: 206.816.6603
F: 206.350.3528
www.tmdwlaw.com

TOBY J. MARSHALL
tmarshall@tmdwlaw.com

Our File No. I-1184-001.D

September 21, 2012

*VIA EMAIL ONLY*

Anthony David Gipe
OLYMPIC LAW GROUP PLLP
2815 Eastlake Avenue East, Suite 170
Seattle, Washington  98102

Re:     *Wilbur et al. v. City of Mount Vernon, et al.*
        Skagit County Superior Court Cause No. 11-2-01156-1

Dear Mr. Gipe:

We write in response to your letter of today's date.

The firms that represent the certified class of indigent defendants in *Wilbur v. Mount Vernon* are entitled to speak directly with class members without obtaining the permission of Mountain Law.  For several reasons, such communications do not run afoul of RPC 4.2.  Enclosed for your review is a declaration from Professor John Strait that explains this.

If you have any other questions, please let us know.

Very truly yours,

TERRELL MARSHALL DAUDT & WILLIE PLLC

Toby J. Marshall

Anthony David Gipe
OLYMPIC LAW GROUP PLLP
September 21, 2012
Page 2


Enclosure

TJM:bkk

cc:    Matthew J. Zuchetto (with enclosure, via email only)
       Sarah A. Dunne (with enclosure, via email only)
       Nancy L. Talner (with enclosure, via email only)
       James F. Williams (with enclosure, via email only)
       J. Camille Fisher (with enclosure, via email only)
       Breena M. Roos (with enclosure, via email only)

Honorable Michael Cooper
Date of Hearing: August 15, 2005
Time of Hearing: 9:30 a.m.

RECEIVED
AUG 15 2005
PERKINS COIE

*Court Use only above this line.*

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KITTITAS

JEFFREY BEST, et al.,

        Plaintiffs,

   vs.

GRANT COUNTY, etc.,

        Defendant.

NO. 04-2-00189-0

**DECLARATION OF JOHN A. STRAIT
RE APPLICATION OF RPC 4.2 TO
ACTIONS OF PLAINTIFFS' COUNSEL**

John A. Strait declares and states as follows:

    1.    I have been asked by plaintiffs to offer an opinion regarding the application of

Washington Rule of Professional Conduct 4.2 to the actions taken by plaintiff class's counsel in

preparing and researching the plaintiff class's claims against Grant County in this litigation. I

have not and will not receive any compensation for this opinion.

### CREDENTIALS

    2.    I am an Associate Professor of Law at the Seattle University School of Law with

teaching responsibilities in the fields of legal ethics and legal malpractice, a position I have

held since 1976. I have been licensed to practice law in Washington since 1972. My private

practice includes representation of attorneys in both disciplinary and legal malpractice issues,

and I have also served as an expert witness for both plaintiffs and defendants in cases involving

DECLARATION OF JOHN A. STRAIT RE APPLICATION OF RPC 4.2
TO ACTIONS OF PLAINTIFFS' COUNSEL - 1
Marshall Decl. 6497.1
Case No. C11-01100 RSL

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*

1   allegations of legal malpractice.   Since 1980 I have testified on average in three legal

2   malpractice cases per year throughout Washington.   In addition to my for-fee representation

3   and consulting, I consult on a pro bono basis at least daily with lawyers throughout the

4   Northwest, including counsel with the Washington State Bar Office of Disciplinary Counsel,

5   and these consultations involve a variety of ethical and malpractice issues.   My consulting

6   practice regularly involves analysis and application of minimum standards of care and the

7   various legal and fiduciary duties owed by an attorney to his or her client and as an officer of

8   the court and specifically on the applicability of RPC 4.2.

9       3.      I have lectured throughout the United States on the subjects of legal ethics and

10  discipline for attorneys.   I have lectured to date in some 15 states, and I have participated in

11  more than 200 CLE presentations on the law of ethics and standards for legal malpractice in

12  Washington.   In the last two years, I have lectured in more than 75 CLE presentations, most of

13  which included material on duties owed to non-clients and as officer of the court.   Many have

14  included material on RPC 4.2.

15      4.      I have testified in court as an expert witness or appeared by declaration or

16  affidavit and have been qualified as an expert witness in the fields of legal ethics and

17  malpractice in 16 counties in the State of Washington, and in federal district courts of

18  Washington, Oregon, Wyoming, California, Alaska, Hawaii, New Mexico, and others.   I have

19  appeared by declaration and/or testified on duties owed to non-clients and as officer of the

20  court in many cases applying the *Washington Rules of Professional Conduct*, RPC 4.2, and the

21  standards of care for Washington attorneys.

22      5.      I have published articles and performed professional research and written in this

23  field as reflected in part in the attached curriculum vitae.   I have served on the Rules of

24  Professional Conduct Committee for the Washington State Bar Association for most of the last

25  15 years, and I direct a clinical program in legal discipline through Seattle University School of

26  Law. In this clinical program, law students investigate bar complaints under my direction and I

DECLARATION OF JOHN A. STRAIT RE APPLICATION OF RPC 4.2
TO ACTIONS OF PLAINTIFFS' COUNSEL - 2
Marshal Decl - 4.1
Case No. C11-01100 RSL

GARVEY  SCHUBERT  BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*

1   make recommendations to the Washington State Bar Office of Legal Discipline on probable

2   cause. The program was awarded the 1995 Gambrell Award by the American Bar Association

3   for service to the profession. I also serve as Adjunct Investigative Counsel investigating Bar

4   complaints for the Washington State Bar Association.  As Adjunct Investigative Counsel, I

5   have investigated Bar grievances involving ethical responsibilities of an attorney under RPC

6   4.2 and 4.3.

7          6.      My resume, a list of some of my CLE presentations, and a list of some of the

8   cases in which I have provided expert opinions by deposition or trial testimony are available

9   upon request.

10                                          **RPC 4.2**

11         7.      I understand that, in a brief filed on August 8, 2005, defendant Grant County

12  claims that interviews of class members conducted by attorneys Chris Kerkering and Joe

13  Morrison were conducted in bad faith and in violation of the Rule of Professional Conduct 4.2,

14  Communications with Person Represented by Counsel. The County's claim is based upon a

15  misunderstanding of the purpose of the prohibition contained in RPC 4.2 and of a lawyer's

16  professional obligations.

17         8.      RPC 4.2(a) prohibits lawyers from communicating with a person that is a party

18  to the matter when that lawyer knows that person is represented by other counsel. In this case,

19  Grant County contends that RPC 4.2(a) was violated when Mr. Kerkering and Mr. Morrison

20  spoke with indigent felony defendants in Grant County whose cases were then pending and

21  who were receiving public defender assistance.  Grant County claims that because the felony

22  defendants were already represented by the public defenders, plaintiff class counsel ( Mr.

23  Kerkering and Mr. Morrison) could not speak with them about any matter without permission

24  of the public defender assigned to their case.

25         9.      However, the prohibition of RPC 4.2(a) cannot be applied in so broad a manner.

26  It is limited by the scope of the representation of the attorney. In this case, the public defenders

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464-3939

1    are assigned to represent the indigent defendants with regard to the criminal charges then

2    pending against them. Accordingly, RPC 4.2(a) would require that employees of the State of

3    Washington and Grant County's Prosecuting Office secure the public defender's permission

4    before speaking with the felony defendant. But where, as here, the third party attorney

5    represents interests that are not adverse to those for which the public defender has been

6    appointed, the public defender's permission is not required by RPC 4.2 or any other ethical

7    consideration.

8      10. The County's interpretation of RPC 4.2 would have the absurd result of giving

9    total control over the legal representation to the attorney – for any matter whatsoever. Short of

10   firing the attorney, the client could not seek legal guidance on even a matter unrelated to that

11   for which the attorney had first been engaged without receiving permission from the existing

12   legal counsel. More importantly, under the County's interpretation of RPC 4.2, the client could

13   not seek a second opinion regarding the first attorney's performance because the reviewing

14   attorney would be barred from speaking with the client until permission was received from the

15   first. The County's interpretation of the rule hearkens back to the time when many attorneys

16   considered their clients to be property whose fortunes they controlled. This is certainly no

17   longer the case and is exactly the sort of behavior the RPCs are designed to prevent. As Mr.

18   Kerkering and Mr. Morrison did not represent an interest adverse to that for which the public

19   defenders were appointed, the relevant rule of professional conduct in this situation is RPC 4.3,

20   Communication with an Unrepresented Person. This rule requires only that the attorney

21   identify who they represent and divulge the purpose of the interview or communication.

22     11. The county does not allege that Mr. Kerkering and Mr. Morrison communicated

23   with the indigent defendants on behalf of the State or Prosecuting Attorney. Therefore, their

24   position was not adverse to the client's interests in the underlying criminal representation.

25   There was no such adversity in gathering information regarding the broader claims regarding

26   the inadequacy of indigent defense in Grant County, as raised in the Complaint and Motion for

DECLARATION OF JOHN A. STRAIT RE APPLICATION OF RPC 4.2
TO ACTIONS OF PLAINTIFFS' COUNSEL - 4
Marshall Decl - 43
Case No. C11-01100 RSL

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464-3939

1  Class Certification. Additionally, as Kerkering and Morrison did not represent the State, it
2  matters little what the subject matter of their conversation with the indigent defendants covered.
3  They could have discussed the client's pending case and the appointed public defender's
4  performance in that case without violating RPC 4.2. RPC 4.2(a) did not prohibit Mr. Kerkering
5  and Mr. Morrison from speaking with indigent felony defendants represented by the Grant
6  County public defenders.

7       12.    In conclusion, ex parte contact with an individual known to be represented by
8  legal counsel does not violate a lawyer's professional responsibility where the purpose for such
9  contact is not adverse to the individual's interests, particularly where, as here, it is known that
10  the scope of legal representation is strictly limited to matters unrelated to the subject of the
11  attorney contact. There are no prohibitions on such conduct, either in the Rules of Professional
12  Conduct, earlier ethical canons, or elsewhere.

13       I swear under penalty of perjury under the laws of the State of Washington that the
14  foregoing is true and correct.

15       Dated at Seattle, Washington, this 11th day of August, 2005.

18  John A. Strait

DECLARATION OF JOHN A. STRAIT RE APPLICATION OF RPC 4.2
TO ACTIONS OF PLAINTIFFS' COUNSEL - 5
SEA_DOCS:769437.1

GARVEY SCHUBERT
BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939

# EXHIBIT 11

**Morgan Witt**

| | |
|---|---|
| **From:** | Richard M. Sybrandy [rsybrandy@fidalgo.net] |
| **Sent:** | Tuesday, December 09, 2008 2:57 PM |
| **To:** | jaarstad@ci.burlington.wa.us |
| **Cc:** | mwitt@fidalgo.net |
| **Subject:** | FW: Contract issues |

**Attachments:**    Richard M. Sybrandy.vcf; first draft response to contract.pdf




Richard M.                first draft
ybrandy.vcf (450 Response to contra.

Hello John:

Please find attached our response to the first draft of the proposed contract.  There is
much in the proposed contract which is not possible for us to comply with, at least at
the level of compensation we have proposed.
Furthermore, I am not comfortable with my/our financial details of the way we run our
business being disclosed to anyone.  Most of the deletions deal with a proposed
requirement that our office report time spent on each case, and financial expenditures on
our administration of the contract.  We are not set up to make such reports, and it is
not practically feasible.
Furthermore, as independent contractors, it would be nonsensical to do so.
The same goes for our employee performance evaluations.

Other items include our communication with clients.  Clients are given our contact
information and directed to contact us and given a lot of general information at the
beginning of our representation.  It would be extraordinary for us to be directed to
initiate contact with the defendants.
Furthermore, contact with incarcerated individuals is done on an "as needed"
basis.  Certain individuals with complex or difficult situation are visited once we have
determined their status, others, however, do not need a visit to the jail because the
extent of our representation is very basic, often meaning a single hearing for probation.
There are significant time/cost benefit balances that need to be done.  For instance, we
may know we represent a person in custody, but we have no idea what the nature of their
charges are or their criminal history, and often they do not either.
Contact is useless at that point.  Nevertheless, to require a visit to the jail, when
their hours are truncated, and we are often turned away/made to wait for an hour because
their visiting rooms are full, would make no sense, at least at the level of compensation
we have proposed.

Both provisions regarding contact would serve no purpose.  We rarely have any information
that would be of use in any contact with the client prior to pretrial.  That is not our
fault, but simply a reality of the system.  We most often do not get police reports or
offers on cases until the day before or the day of the first pretrial.  Initiating any
contact prior to that, other than to determine basic contact information (which we
already have) would serve no purpose, and be somewhat comical.  The conversation would go
something like this "hi, I am your lawyer, I know nothing about your case, we will see
you in court."  Surely that would serve no purpose, when the clients already have the
information given to them at the very beginning of our representation.

We agree that providing both ourselves and the cities basic information regarding
disposition of cases and statistics would be helpful and appropriate.  It is not feasible
and in some instances wholly inappropriate (possibly unethical) to require all of the
information required by the proposed contract.  My deletions provide a reasonable

1

compromise.

Finally, the RFP noted that conflict counsel was to be paid by the cities. That was contemplated in our proposal.  Frankly, we have rarely had to use conflict counsel, perhaps once a year or less, but nevertheless, requiring us to pay would be: a) in conflict with the RFP and b) possibly a conflict of interest.

Please advise as to whether the proposed changes are acceptable and forward a new copy of our execution.  Thank you.

R. Sybrandy

Not all of the information proposed to be in that report.
This communication is for the intended recipient only.  This communication may contain information that is privileged, confidential and exempt from disclosure under applicable law and constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C.
2510. Disclosure is strictly limited to the recipient intendedby the sender.
This communication is intended for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. If you are not the intended recipient or agent responsible for delivery, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty. If you have received this communication in error, please notify us immediately by email, delete the message, and destroy any copies.

Marshall Decl – 47
Case No. C11-01100 RSL

**0001789**