UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JOSEPH JEROME WILBUR, *et al.*,     )   No. C11-1100RSL
                                    )
              Plaintiffs,           )
       v.                           )   ORDER CONTINUING TRIAL DATE
                                    )
CITY OF MOUNT VERNON, *et al.*,     )
                                    )
              Defendants.           )
_____)

       This matter comes before the Court on "Defendant Cities' Motion to Continue Trial Date and Modify Case Schedule." Dkt. # 192. Defendants argue that an extension of the trial date is appropriate because their newly-constituted public defender systems may moot plaintiffs' claims and because plaintiffs need additional time to complete discovery. Plaintiffs oppose the motion, arguing that the new public defender systems suffer the same constitutional deficiencies as the old systems, that plaintiffs can complete discovery in the allotted time, and that an extension would harm plaintiffs' interests.

       This case involves a classwide challenge to the constitutional adequacy of defendants' public defense systems. Plaintiffs seek injunctive relief and will bear the burden at trial of showing that the then-existing systems warrant such an extraordinary remedy. To meet this burden, plaintiffs may rely on the testimony of any member of the plaintiff class[1] who was

---

[1] Defendants' argument that this is an entirely new case because plaintiffs are complaining about the representation afforded by the current public defenders and are relying on declarations from

ORDER CONTINUING TRIAL DATE

properly disclosed during discovery. Because the public defense systems of Burlington and Mount Vernon are in a state of flux, the Court is concerned that cutting off fact-finding as of November 4, 2012, will result in an incomplete, if not wholly inaccurate, picture of the public defense systems as they exist in March 2013. On the other hand, defendants have not justified a six month extension of the trial date. The new system has been in place since April and has generated at least some experiential data that can be evaluated at trial. The fact that change has been incremental is, as a practical matter, the result of defendants' choices. Defendants do not explain why indigent criminal defendants currently facing a possible loss of liberty should have to wait almost eighteen months (or until defendants believe that the systems can withstand scrutiny) before the constitutional adequacy of the public defense systems is evaluated.

After weighing the competing interests, the Court finds that a three month continuance of the discovery cutoff and trial dates is necessary to allow the parties to present an accurate portrayal of the public defense systems as they currently exist in Burlington and Mount Vernon. Defendants' motion (Dkt. # 192) is therefore GRANTED in part and DENIED in part. No further continuances will be granted. The parties have nine months to clear their calendars or associate counsel who are available to represent them at trial. An amended case management schedule will issue consistent with this Order.

---

individuals currently in custody is unconvincing. As discussed in the text, this case presents a challenge to the public defense systems in Burlington and Mount Vernon as a whole: the identity of the person or persons who currently provide those services is not the issue. Nor should defendants be surprised that individuals who only recently became members of the plaintiff class have a role in this litigation. The fact that the original named plaintiffs' claims could become moot while this action was pending was thoroughly discussed during the class certification process. The Court expressly found that the "relates back" doctrine applies in this case to preserve the merits of the constitutional challenge for judicial resolution even where the named plaintiffs' claims have become moot. Dkt. # 143 at 5-6.

1    Dated this 9th day of October, 2012.

2    /s/ Robert S. Lasnik
     Robert S. Lasnik
3    United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER CONTINUING TRIAL DATE             -3-