1

2

3

4

5                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
6                                      AT SEATTLE

7    _____
                                          )
8    JOSEPH JEROME WILBUR, *et al.*,      )        No. C11-1100RSL
                                          )
9                         Plaintiffs,     )
                                          )
10          v.                            )        ORDER COMPELLING MOUNTAIN LAW
                                          )        AND BAKER LEWIS SCHWISOW & LAWS
11   CITY OF MOUNT VERNON, *et al.*,      )        TO COMPLY WITH SUBPOENAS
                                          )
12                        Defendants.     )
     _____ )

13

14          This matter comes before the Court on the "Motion for Protective Order by

15   Mountain Law, PLLC and Baker Lewis Schwisow & Laws Third Party Respondents to

16   Supboenas Duces Tecum."  Dkt. # 209.  In September, defendants moved for an extension of the

17   trial date in the above-captioned matter on the ground that their newly-constituted public

18   defender systems may moot plaintiffs' claims.  Defendants had recently contracted with Baker

19   Lewis to provide public defender services in Burlington and Mount Vernon.  Baker Lewis

20   formed Mountain Law to provide the services under the contract, assigning one of its partners,

21   Michael Laws, and two other attorneys to Mountain Law.  Plaintiffs opposed the extension of

22   time, arguing that there were indications that the new public defender systems suffer the same

23   constitutional deficiencies as the old systems and that a delay would cause prejudice.  While that

24   motion was pending, plaintiffs issued Rule 45 subpoenas duces tecum to Baker Lewis and

25   Mountain Law seeking information regarding the contracting process, case loads, supervision by

26   the municipalities, and the adequacy of the representation provided by the new public defenders.

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS

Baker Lewis and Mountain Law seek a protective order on the grounds that Baker Lewis has no relevant information, that responding to the subpoenas would be unduly burdensome, and that client confidences are at risk.  Baker Lewis and Mountain Law also object to plaintiffs' counsels' communication with their clients.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1)  For the reasons discussed in the "Order Compelling Richard Sybrandy to Comply with Subpoena" (Dkt. # 179) and "Order Compelling Morgan Witt to Comply with Subpoena" (Dkt. #186), Mountain Law shall produce 50 randomly-selected public defense files that were closed after April 16, 2012.  Although Mountain Law has not shown that these files contain attorney-client communications, some consideration must be given to the possibility that such communications exist within the fifty client files that will be produced.  Mountain Law, as keeper of the privilege, shall review each of the fifty files and withhold from the production any documents that reveal communications and advice between the attorney and the client.[1]  If a document is withheld or redacted on account of the attorney/client privilege, the withholding must be indicated in the production and a privilege log sufficient to allow interested parties to evaluate each claim of privilege must be provided.  At a minimum, the privilege log must identify the nature of the document, its date and subject, the parties thereto (and their connection to this litigation, if not apparent), and any other information necessary to show that the attorney/client privilege applies.

The production ordered herein will be subject to the following terms and

---

[1]  To the extent the files contain work product, the material sought is central to plaintiffs' claims and, being entirely within the control of Mountain Law, cannot be obtained from other sources.  It is, therefore, discoverable.  See Pappas v. Holloway, 114 Wn.2d 198, 212 (1990).  Use and further disclosure of the confidential and work product materials contained in these files is subject to the terms and conditions set forth below.

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                              -2-

conditions:

(a)  Confidentiality:  The fifty files produced by Mountain Law shall be considered confidential.  Any copies, excerpts, charts, summaries, or deposition testimony regarding the files that contain names (or other identifying information) of victims or witnesses or medical information related to any person shall also be considered confidential.  The protections afforded these materials do not, under any circumstance, extend to information that is in the public domain, including the name of the client and any information maintained in Mount Vernon's and Burlington's public records.

(b)  Access to and Use of Confidential Material:  Plaintiffs' counsel may use confidential material only for prosecuting or attempting to settle this litigation and shall store and maintain the confidential material in a secure manner.  Unless otherwise ordered by the Court or permitted in writing by the client associated with the file, plaintiffs' counsel shall restrict access to confidential material to their employees to whom it is reasonably necessary to disclose the information, the client associated with the file, the Court and its personnel, Mountain Law, and plaintiffs' experts and copy service personnel who sign the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to this order.  To the extent confidential material is disclosed at a deposition, each person in attendance other than those described above (but including defense counsel) shall sign the "Acknowledgment and Agreement to be Bound."

(c)  Filing Confidential Material:  If confidential material is to be filed with the Court, the material should be redacted if it is not necessary for the resolution of the underlying dispute.  Otherwise, a motion to seal must be filed.  Local Civil Rule 5(g) sets forth the procedure that must be followed and the standards that will apply when a party seeks permission to file confidential materials under seal.  In addition, a copy of the motion to seal shall be served on Mountain Law.

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                    -3-

(2)  Mountain Law shall supplement its previous production in response to requests 2-13 and 15-18.

(3)  To the extent Baker Lewis is completely divorced from the public defender systems in Burlington and Mount Vernon, it can simply state that it has no documents that are responsive to requests 1-11 and 14-16, thereby avoiding the burden associated with a substantive response. There is, however, evidence suggesting that Baker Lewis was intimately involved in the contract negotiations, that one of its name partners is working for both Baker Lewis and Mountain Law, that certain administrative functions and communication channels may be shared between the entities, and that Baker Lewis continues to correspond regarding the Burlington and Mount Vernon public defense systems.  Thus, plaintiffs are entitled to responses from Baker Lewis regarding requests 1-11 and 14-16.

(4)  To the extent Mountain Law was created to provide only public defense services to Burlington and Mount Vernon and its attorneys are so occupied, it can simply state that it has no records of time spent on or proposal submitted to other jurisdictions in response to requests 14 and 24-26, thereby avoiding any burden associated with a substantive response.  If, however, Mountain Law, its attorneys, or managers represent or have sought to represent indigent criminal defendants in other jurisdictions, this information would be relevant to evaluating Mountain Law's overall caseload, which is a key issue in this litigation.

(5)  The other salient factor that goes toward evaluating the caseloads carried by the cities' public defenders is the number of attorneys performing the work.  Although Mr. Lewis states that attorneys who provide public defender services to Burlington and Mount Vernon "are not assigned to any other contracts or work" (Dkt. # 217-1 at ¶ 4), Mr. Laws, one of three attorneys working for Mountain Law and a partner at Baker Lewis, states only that he does "not handle public defense for any other entities . . ." (Dkt. # 217-2 at ¶ 4).  Mr. Laws holds himself out as a criminal defense and bankruptcy lawyer at Baker Lewis

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                          -4-

(http://www.seattlecriminaldefenselawfirm.com/Attorney_Profiles/Michael_Laws.aspx),
suggesting that he spends only a portion of his time providing public defense services for
Burlington and Mount Vernon.  Plaintiffs are entitled to inquire further regarding Mr. Laws'
time spent working on matters other than public defense for Burlington and Mount Vernon.
Baker Lewis shall respond to request 13 to that extent.  Plaintiffs have not, however, shown how
the work activities of other Baker Lewis attorneys who are not providing public defense services
to Burlington or Mount Vernon are relevant to their claims.  No response to request 12 is
necessary.

(6)  Plaintiffs clearly intend to argue that Burlington and Mount Vernon turned a blind
eye toward problems in their public defense systems and are responsible for deficiencies that
would have been apparent had they adequately supervised and/or monitored their contractors.
Documents related to the cities' efforts to supervise, monitor, and/or evaluate the public
defenders' services are therefore relevant.  Neither Mountain Law nor Baker Lewis has shown
that production of these documents would be unduly burdensome or that they are necessarily
available from the cities themselves.  Mountain Law shall respond to requests 19-22 and Baker
Lewis shall respond to requests 17-20.

(7)  Complaints regarding the existence, timing, and/or quality of the public defense
services offered by Mountain Law in Burlington and Mount Vernon may be relevant to
evaluating the constitutional adequacy of the cities' public defense system.  Mountain Law,
which asserts that it serves only Burlington and Mount Vernon defendants, shall therefore
respond to request 23.  Baker Lewis shall respond to request 21 to the extent it has kites in its
possession that were filed by clients assigned to either Mountain Law or Baker Lewis under the
contracts with Burlington or Mount Vernon.  Baker Lewis need not produce kites generated by

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                              -5-

clients assigned under its contracts with other municipalities.[2]

(8)  As discussed above, accurately evaluating the public defense caseloads under the cities' new system is a key issue in this litigation.  Mountain Law and Baker Lewis' policies regarding how they calculate per-attorney caseloads under the public defense contracts with Burlington and Mount Vernon are, therefore, relevant.  Mountain Law shall respond to requests 27 and 29, and Baker Lewis shall respond to requests 24 and 26.

(9)  To the extent Mountain Law was created to provide only public defense services to Burlington and Mount Vernon and its attorneys are so occupied, it can simply state that it has no policies regarding caseload calculations in other jurisdictions in response to request 28.  In the alternative, it must provide responsive documents.  Plaintiffs have not shown how Baker Lewis' policies for counting caseloads in other jurisdictions are relevant to their claims.  Baker Lewis need not respond to request 25.

(10)  Documents regarding the invitation to bid, proposals, and negotiations that led up to Baker Lewis' contracts for public defense services with Burlington and Mount Vernon are clearly relevant.  Baker Lewis has not shown that the production of these documents would be unduly burdensome and shall respond to requests 22 and 23 accordingly.[3]  Plaintiffs have not, however, shown how Baker Lewis' invitations to bid or proposals submitted to other jurisdictions are relevant to their claims.

(11)  Plaintiffs have not shown how Baker Lewis' contracts with other jurisdictions are relevant to their claims.  Baker Lewis and Mr. Laws deny that any of the three attorneys

---

[2]   The fact that plaintiffs might be able to obtain this information from a different third party, namely Skagit County, does not make this request unduly burdensome or onerous.

[3]   Conclusory assertions of undue burden are not persuasive.  In addition, there is some reason to suspect that Baker Lewis has an exaggerated sense of what is burdensome, especially in the context of federal civil litigation, having argued that the production of a contract would be "extremely burdensome."  Dkt. # 217 at 3.

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                      -6-

1   providing public defense services to Burlington and/or Mount Vernon are representing indigent

2   criminal defendants from any other jurisdiction.  Baker Lewis need not respond to request 27.

3       (12)  Mountain Law and Baker Lewis argue that class counsel is barred from

4   communicating with the defendants assigned by Burlington or Mount Vernon absent the law

5   firms' consent.  The indigent criminal defendants are, however, members of the class that is

6   represented by class counsel.  Neither RPC 4.2 nor RPC 4.4 preclude a lawyer from

7   communicating with his or her own client.  Although the fact pattern presented here raises the

8   possibility that an indigent criminal defendant may become dissatisfied with his or her defense

9   counsel, there is no rule of law or ethics that prevents a criminal defendant from retaining

10  counsel to defend the criminal charges against him while simultaneously hiring a separate

11  attorney to litigate a civil action related to the same underlying facts.  The indigent criminal

12  defendant, having the advice of both counsel, may decide to share confidences, may choose to

13  retain the individual public defender even as he challenges the constitutional adequacy of the

14  system as a whole, or may seek appointment of conflict counsel to handle the criminal case.  The

15  Court finds no authority for the proposition that he has waived his ability to be represented by

16  counsel in the civil suit merely because he has been charged with a crime.

17

18      For all of the foregoing reasons, Baker Lewis and Mountain Law are directed to

19  respond to the Rule 45 subpoenas as directed within twenty-eight days of this Order.

20

21      Dated this 9th day of November, 2012.

22

23      *MW S Lasnik*
        Robert S. Lasnik
        United States District Judge

24

25

26

ORDER COMPELLING COMPLIANCE
WITH SUBPOENAS                    -7-

**Exhibit A**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand paragraphs (1)(a)-(c) governing the use and

disclosure of confidential materials in this litigation.  I agree to comply with and to be bound by all the

terms of those paragraphs.  I agree not to further disclose in any manner any confidential material to any

person or entity.


Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____