UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                )
JOSEPH JEROME WILBUR, *et al.*, )    No. C11-1100RSL
                                )
               Plaintiffs,      )
     v.                         )    ORDER DENYING MOTIONS FOR
                                )    SUMMARY JUDGMENT
CITY OF MOUNT VERNON, *et al.*, )
                                )
               Defendants.      )
_____)

This matter comes before the Court on "Defendant Cities of Mount Vernon and Burlington's Motion for Summary Judgment" (Dkt. # 235) and "Plaintiffs' Motion for Summary Judgment" (Dkt. # 242). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude

ORDER DENYING MOTIONS
FOR SUMMARY JUDGMENT

summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. U.S. v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Plaintiffs allege that the City of Mount Vernon and the City of Burlington have regularly and systematically failed to provide effective assistance of counsel to indigent persons charged with crimes, thereby violating both the federal and state constitutions. Plaintiffs have produced evidence that Mount Vernon and Burlington implemented and knowingly maintained a system of public defense that is inadequately funded, imposes unreasonable case loads on the individual attorneys, fails to provide representation at critical stages of the prosecution, and is not properly monitored. Much of the anecdotal evidence focuses on the period of time during which Messrs. Sybrandy and Witt provided public defense services, however. Since that time, defendants have taken significant steps to change their system of public defense, including hiring additional public defenders and paying them more for their services. Defendants therefore argue that plaintiffs' claims must be dismissed as moot because the changes defendants made to their public defense system in 2012 resolved any shortcomings inherent in the prior system. In the alternative, defendants assert that there are genuine issues of material fact regarding the constitutional adequacy of the public defense system now in place in Mount Vernon and Burlington that must be determined by the jury.

A pending action becomes moot only when a change in circumstances has made it "impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin v.

---

[1] This matter can be decided on the papers submitted. Plaintiffs' request for oral argument regarding defendants' motion for summary judgment is therefore DENIED.

ORDER DENYING MOTIONS
FOR SUMMARY JUDGMENT                    -2-

Chafin, __ U.S. __, 133 S. Ct. 1017, 1023 (2013). The record contains evidence from which a reasonable jury could conclude that indigent defendants in Mount Vernon and Burlington are currently being deprived of counsel in violation of constitutional mandates. Although such a finding is not the only reasonable conclusion that can be drawn from the evidence, the fact that injunctive relief may yet be available means that the case is not moot. Because there are disputed issues of fact regarding the indigent criminal defense system currently offered by defendants, the jury will have to determine whether the changes defendants made satisfy the constitutional requirements or whether indigent defendants continue to suffer the effects of intentional funding and monitoring choices attributable to defendants. The cross-motions for summary judgment are DENIED.

Defendants have raised a number of evidentiary objections. Each is considered below.

### 1. Daubert Challenge to Expert Opinion of Christine Jackson

Defendants argue that the opinions of attorney Christine Jackson are unreliable because (a) they are based on factual assumptions that are incorrect and (b) her methodology for evaluating the constitutional adequacy of the representation provided has not been accepted by the legal community. In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function applies to all expert testimony, not just testimony based on science. Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). To be admissible, expert testimony must be both reliable and helpful. The reliability of expert testimony is judged not on the substance of the opinions offered, but on the methods employed in developing those opinions. Daubert, 509 U.S. at 594-95. In general, the expert's opinion must be based on principles, techniques, or theories that are generally accepted

in his or her profession and must reflect something more than subjective belief and/or unsupported speculation. Daubert, 509 U.S. at 590.

Defendants' first objection, that Jackson relied on faulty data when developing her opinions, is unpersuasive for a number of reasons. First, defendants have not shown that the facts upon which Jackson relied are false. For example, the statement "I did not see evidence of any legal research" is virtually unchallenged. Defendants may be able to show that Mountain Law did, in fact, conduct research that was not mentioned in the time records and is not reflected in the file, but the statement that there is no evidence of legal research in the file is not seriously contested. Second, while defendants are free to challenge the accuracy of certain facts underlying Jackson's opinion at trial, such a challenge will go to the weight to be given the testimony, rather than its admissibility.

Defendants' objections to the method Jackson used to evaluate the constitutional adequacy of Mountain Law's representation are also overruled. Jackson reviewed fifty randomly-chosen case files, the statements of indigent defendants represented by Mountain Law, depositions of witnesses in this case (including the Mountain Law witnesses), and defendants' documents regarding their public defense systems. Despite the breadth of this investigation, defendants accuse Jackson of drawing constitutional conclusions based only on the average time Mountain Law spends on each indigent representation. Although Jackson clearly found the average time analysis compelling, she reviewed other aspects of the representations and made assumptions and adjustments based on her own experiences as a public defender before opining regarding the constitutional adequacy of the public defense systems of Mount Vernon and Burlington. Short of personally observing client interactions with counsel from start to finish, the methodology Jackson chose to evaluate the adequacy of the representation on a system-wide basis is reasonable.

Defendants may cross-examine Jackson regarding the factual basis for her

ORDER DENYING MOTIONS
FOR SUMMARY JUDGMENT                -4-

opinions and the effects alternative assumptions would have had on her opinions, but they have not shown that her testimony is inadmissible under Daubert.

2. The Court has not considered the Declaration of Jennifer J. Boschen in the context of plaintiff's summary judgment motion. The exact number of cases handled by the previous public defenders is not dispositive. The Court has considered the underlying case reports submitted by Messrs. Sybrandy and Witt and their responses to discovery requests in this action. Defendants may raise their specific objections to the method Boschen used to calculate case loads if and when her summary is offered at trial in lieu of the underlying case reports.

3. Defendants object to consideration of the jail kites on numerous grounds. The Court finds, however, that their authenticity and foundation are not reasonably disputed, they are offered for a non-hearsay purpose, and they are relevant to the issue of whether there was an unmet need for attorney-client communications. Defendants' objections are overruled.

4. Defendants' objections to the jail log are also overruled. The log is what it purports to be, and the basis of defendants' hearsay objection is not clear. Defendants may be able to show that the log is not completely accurate, but that goes to the weight of the evidence, not its admissibility

For all of the foregoing reasons, defendants' motions for summary judgment (Dkt. #235) and plaintiffs' motion for summary judgment (Dkt. # 242) are DENIED.

Dated this 25th day of April, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge