UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
JOSEPH JEROME WILBUR, *et al.*,     )   No. C11-1100RSL
                                    )
                 Plaintiffs,        )
        v.                          )   ORDER DENYING DEFENDANTS'
                                    )   MOTIONS *IN LIMINE*
CITY OF MOUNT VERNON, *et al.*,     )
                                    )
                 Defendants.        )
_____)

This matter comes before the Court on "Defendant Cities of Mount Vernon and Burlington's Motions *in Limine*." Dkt. # 273. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**1. Supplemental Expert Report of John Straight**

Mr. Straight's supplemental report (a) is consistent with the theories set forth and methodologies used in his original report, (b) addresses and incorporates information regarding the evolving public defense system in the defendant municipalities, (c) fully informed defendants of the expert's anticipated testimony at least two months before trial, and (d) was submitted as soon as possible given Mr. Straight's health issues. Defendants chose not to depose Mr. Straight regarding his original report, and there is no indication that its supplementation will cause the type of surprise at trial that Rule 26(e) was meant to prevent. In addition, the supplemental report is arguably timely under Rule 26(e)(2) and LCR 16(h).

Defendants' first motion *in limine* is DENIED.

ORDER DENYING DEFENDANTS'
MOTIONS *IN LIMINE*

**2.  Disclosure of Fact Witnesses Sophie Paladichuk and Frederick Muenscher**

Plaintiffs waited until the last day of discovery to disclose two fact witnesses, Ms. Paladichuk and Mr. Muenscher, under Rule 26(a)(1)(A).  Defendants argue that the disclosure of these witnesses was untimely, but they do not identify any rule or Court order that has been violated.

Pursuant to Rule 26(e)(1), parties must supplement their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."  Defendants have long been aware that all class members, past and present, likely have discoverable information regarding the issues in this case.  The Court expressly noted that individuals who only recently became members of the plaintiff class would have an important role in this litigation.  Dkt. # 218 at 1 n.1.  Given the recent changes in the public defense systems maintained by defendants and plaintiffs burden of proof, it is not surprising that plaintiffs would wait as long as the case management order would allow before identifying as witnesses individual class members to testify regarding the current conditions within the municipalities.  To the extent defendants were truly surprised by the disclosure of these two individuals, they could have and should have sought leave of Court to depose them during the four months preceding trial rather than seeking to exclude evidence that is both relevant and timely disclosed.

Defendants' second motion *in limine* is DENIED.

**3.  Lay Witness Testimony**

Defendants seek to prevent class members from testifying regarding the competence of the lawyers who represented them, their strategic decisions, their effectiveness, and their constitutional adequacy.  The Court generally agrees that no lay witness, whether indigent defendant or presiding judicial officer, will be permitted to opine on the last topic.

ORDER DENYING DEFENDANTS'
MOTIONS *IN LIMINE*                    -2-

1  Whether a lay witness will be permitted to testify regarding the first three topics cannot be
2  determined in the absence of a specific question. It is possible that a defendant who had
3  significant experience in the criminal justice system may, for example, be able to testify
4  regarding the relative competence of a given attorney. Nor is there any reason to suppose that a
5  lay witness is incapable of testifying regarding decisions made by counsel or the outcome of the
6  representation.
7        Defendants' third motion *in limine* is DENIED without prejudice to their ability to
8  object to lay witness testimony at trial.

9  **4. Expert Testimony of Christine Jackson**

10       For all of the reasons set forth in the Court's "Order Denying Motions for
11 Summary Judgment" (Dkt. # 271 at 3-4), defendants' renewed objections to the testimony of Ms.
12 Jackson are overruled.

13 **5. Jail Kites and Other Complaints**

14       For all of the reasons set forth in the Court's "Order Denying Motions for
15 Summary Judgment" (Dkt. # 271 at 5), defendants' renewed objections to consideration of the
16 jail kites are overruled.

18       Dated this 3rd day of June, 2013.

20                                             Robert S. Lasnik
21                                             United States District Judge