UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JOSEPH JEROME WILBUR, *et al.*,  )   No. C11-1100RSL
)
          Plaintiffs,  )
   v.  )   ORDER GRANTING IN PART
)   PLAINTIFFS' MOTIONS *IN LIMINE*
CITY OF MOUNT VERNON, *et al.*,  )
)
          Defendants.  )
_____)

      This matter comes before the Court on "Plaintiffs' Motions *in Limine*." Dkt. # 276. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**1. Immigration Status, Pending Charges, and Criminal History**

      Plaintiffs seek to exclude from evidence information that, while marginally relevant to claims and arguments asserted in this matter, may unduly prejudice the factfinder or intimidate individual witnesses. Because the case will be tried to the Court rather than a jury, the risk of undue prejudice is minimal, and whether a particular question is likely to harass or intimidate a witness cannot be determined in the abstract. Nor can the Court determine at this point whether evidence of prior wrongs is being elicited for an improper purpose under Fed. R.

---

[1] This matter can be decided on the papers submitted. Plaintiffs' request for oral argument is therefore DENIED.

ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS *IN LIMINE*

Ev. 404(b).[2] Plaintiffs' motion *in limine* is DENIED without prejudice to their ability to objection to harassing or improper questions at trial.

## 2. Evidence and Witnesses Not Properly Disclosed During Discovery

The purpose of this litigation is to determine whether the systems of public defense currently offered by the Cities of Burlington and Mount Vernon satisfy the constitutional requirements. Whereas most cases deal with past events and a static assessment of fault or liability, plaintiffs seek only prospective injunctive relief and bear the burden of showing that the present circumstances warrant such an extraordinary remedy. The Court is therefore not inclined to ignore business records and other evidence that will help elucidate the current situation in the municipalities simply because they came into existence after the discovery cutoff.

To the extent defendants seek to offer evidence that existed, or could have been compiled, prior to the discovery cutoff date, however, defendants have not shown that the failure to disclose by February 3, 2012, was justified.

Finally, plaintiffs have not shown that exclusion of the testimony of Sade Smith or Stacy DeMass is appropriate. Plaintiffs were made aware during discovery that Ms. Smith had relevant information for purposes of Rule 26(e)(1), and Ms. DeMass was not hired by Mountain Law until after discovery had closed in this matter.

Plaintiffs' motion to exclude evidence and witnesses not disclosed prior to February 3, 2013, is GRANTED in part and DENIED in part.

Dated this 3rd day of June, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] All witnesses are subject to impeachment for prior criminal convictions under Fed. R. Ev. 609.