THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JOSEPH JEROME WILBUR, a Washington
resident; JEREMIAH RAY MOON, a
Washington resident; and ANGELA MARIE
MONTAGUE, a Washington resident,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

     v.

CITY OF MOUNT VERNON, a Washington
municipal corporation; and CITY OF
BURLINGTON, a Washington municipal
corporation,

              Defendants.

NO.  2:11-cv-01100 RSL

**PLAINTIFFS' MOTION FOR AWARD
OF ATTORNEYS' FEES AND
EXPENSES**

NOTE ON MOTION CALENDAR:
January 3, 2013

ORAL ARGUMENT REQUESTED

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES
CASE No. 2:11-cv-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF CONTENTS

**Page No.**

I.  INTRODUCTION ...................................................................................................1

II.  FACTUAL BACKGROUND ................................................................................2

III.  ARGUMENT AND AUTHORITY ......................................................................4

    A.  Plaintiffs Are the Prevailing Parties ......................................................4

    B.  Class Counsel Are Entitled to an Award of Reasonable Attorneys' Fees and Expenses Incurred in This Action ........................................................5

        1.  The Lodestar Establishes a Presumptively Reasonable Fee .....................5

        2.  Class Counsel's Hourly Rates Are Reasonable ..........................................6

        3.  The Time Class Counsel Spent Prosecuting This Case and Obtaining a Successful Outcome Was Reasonable ...................................7

        4.  Class Counsel Have Exercised Billing Judgment and Reduced Their Fees Appropriately to Exclude Any Unnecessary Duplication or Inefficiency..........................................................................9

        5.  The Time Class Counsel Spent Preparing This Motion Was Reasonable........................................................................................10

    C.  Class Counsel Are Entitled to Recover Reasonable Litigation Expenses ...........11

    D.  It Is Unnecessary to Provide Notice of This Motion to the Class ........................11

IV.  CONCLUSION .....................................................................................................12

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - i
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Ackerley Commc'ns v. City of Salem,*
  752 F.2d 1394 (9th Cir. 1985) .............................................................................5

*Blum v. Stenson,*
  465 U.S. 886 (1984) ............................................................................................6

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
  532 U.S. 598 (2001) ............................................................................................5

*Camacho v. Bridgeport Fin., Inc.,*
  523 F.3d 973 (9th Cir. 2008) .........................................................................6, 10

*Chalmers v. City of Los Angeles,*
  796 F.2d 1205, (9th Cir. 1986) .........................................................................11

*City of Riverside v. Rivera,*
  477 U.S. 561 (1986) ............................................................................................4

*Fischer v. SJB-P.D. Inc.,*
  214 F.3d 1115 (9th Cir. 2000) ............................................................................5

*Gates v. Deukmejian,*
  987 F.2d 1392 (9th Cir. 1992) ............................................................................6

*Gerling Global Reinsurance Corp. of Am. v. Garamendi,*
  400 F.3d 803 (9th Cir. 2005) ..............................................................................5

*Harris v. Marhoefer,*
  24 F.3d 160 (1994) .........................................................................................4, 11

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) .......................................................................................5, 12

*Higher Taste, Inc. v. City of Tacoma,*
  717 F.3d 712 (9th Cir. 2013) ..............................................................................5

*Hurrell-Harring v. State,*
  930 N.E.2d 217 (N.Y. 2010) ..............................................................................8

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ...............................................................................5

*Leeds v. Watson*,
    630 F.2d 674 (9th Cir. 1980) ...............................................................................4

*McGrath v. County of Nev.*,
    67 F.3d 248 (9th Cir. 1995) ...............................................................................5

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ...............................................................................9

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*,
    478 U.S. 546 (1986) ...............................................................................5

*Perdue v. Kenny A. ex rel. Winn*,
    559 U.S. 542 (2010) ...............................................................................5, 6

*Seattle Sch. Dist. No. 1 v. Washington*,
    633 F.2d 1338 (9th Cir. 1980) ...............................................................................5

*United States v. $12,248 U.S. Currency*,
    957 F.2d 1513 (9th Cir. 1991) ...............................................................................8

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) ...............................................................................6

*Van Skike v. Dir., Office of Workers' Comp. Programs*,
    557 F.3d 1041 (2009) ...............................................................................6

**FEDERAL STATUTES**

28 U.S.C. § 1920 ...............................................................................11

42 U.S.C. § 1983 ...............................................................................2

42 U.S.C. § 1988 ...............................................................................2, 4

**FEDERAL RULES**

Fed. R. Civ. P. 23 ...............................................................................11, 12

**OTHER**

Cara H. Drinan, *The National Right to Counsel Act: A Congressional Solution to the Nation's Indigent Defense Crisis*, 47 Harvard Journal on Legislation 487 (2010) ...............................................7

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - iii
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Manual for Complex Litigation (Fourth) § 21.722 (2013).........................................................12

William H.W. McKenna, *The Gideon Split: Preconviction Indigent Defense Reform Litigation in Hurrell-Harring and Duncan*, 45 U.C. Davis L. Rev. 193 (2011) ...........................................7

William B. Rubenstein, *Newberg on Class Actions* § 8:23 (5th ed. 2013) ................................11

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - iv
CASE NO. 2:11-cv-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I.    **INTRODUCTION**

This class action lawsuit has been, and will long continue to be, a case of exceptional importance.  At issue was the fundamental right to the assistance of counsel that is guaranteed under the Sixth Amendment of the United States Constitution.  Plaintiffs proved at trial that thousands of indigent defendants in the Cities of Mount Vernon and Burlington have been systematically deprived of this right.  Plaintiffs also proved that the deprivation has been directly and predictably caused by the deliberate choices of the Cities' municipal policymakers. The Court's decision to remedy the constitutional violations through substantial injunctive relief greatly amplifies the notes of freedom and liberty that emerged from Gideon's trumpet a half a century ago, and it does so at a critical time.  As Attorney General Eric Holder recently noted, "America's indigent defense systems continue to exist in a state of crisis."[1]  The important ruling delivered by the Court in this case will undoubtedly reverberate far beyond the Cities' borders, helping to raise public defense standards so that indigent defendants across the nation get the assistance of counsel to which they are entitled.[2]

Plaintiffs and their attorneys achieved what they set out to do, but the path to success was long and there were considerable obstacles along the way.  The Cities aggressively defended their illegal conduct and refused several good-faith attempts to resolve the case through compromise.  As a result, it was necessary for Class Counsel to rigorously and thoroughly prosecute the action and ultimately prove Plaintiffs' claims at trial.  The stakes demanded an in-depth investigation of the facts, an extensive review of the law, the marshaling of substantial evidence, and the presentation of numerous witnesses.  Throughout the entire process, Class Counsel worked as efficiently as possible and had no incentive to waste time on

---

[1] Eric Holder, United States Attorney General, Remarks at the Annual Meeting of the American Bar Association's House of Delegates (August 12, 2013) (transcript available at http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html); *see also* Statement of Interest of the United States, Dkt. No. 322 at 4:17 ("Our national difficulty to meet the obligations recognized in *Gideon* is well documented.").

[2] *See, e.g.,* Jesse Wegman, Editorial Page Editor's Blog, *The Right to an Attorney Who Actually Does His Job*, N.Y. Times, December 9, 2013 (available at http://takingnote.blogs.nytimes.com/2013/12/09/the-right-to-an-attorney-who-actually-does-his-job/?hp&rref=opinion).

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 1
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

unnecessary endeavors. For the reasons set forth below, the attorneys' fees and litigation expenses that Class Counsel incurred and seek to recover are reasonable and fair, particularly in light of the circumstances of the litigation and the extraordinary outcome achieved.

Accordingly, Plaintiffs respectfully move as the prevailing parties for an award to Class Counsel of $2,425,916.52 in attorneys' fees and $43,496.50 in litigation expenses, which shall be paid by the Cities. The motion is brought under 42 U.S.C. § 1988 and Civil Rules 23(h) and 54(d)(2) and is based on the Court's December 4, 2013 Memorandum of Decision.

## II. FACTUAL BACKGROUND

In August 2010, attorneys Matt Zuchetto and Toby Marshall started researching and analyzing the systemic problems that have long plagued indigent defense systems and efforts to create reform through litigation. Marshall Decl. ¶ 25. The attorneys focused their investigation on the joint public defense system in Mount Vernon and Burlington. *Id.* Through public records requests, observations of court proceedings, and interviews with numerous individuals, Messrs. Zuchetto and Marshall determined that deprivations of the right to counsel were widespread and ongoing. *Id.* Thus, in June 2011 the attorneys filed this lawsuit in Skagit County Superior Court on behalf of Plaintiffs and a proposed class of indigent defendants, seeking declaratory and injunctive relief under 42 U.S.C. § 1983. *See* Dkt. No. 1-1, Ex. A. The Cities subsequently removed the case to this Court. Dkt. No. 1.

Shortly after the action was filed, the ACLU of Washington and its cooperating attorneys at Perkins Coie offered to join Messrs. Zuchetto and Marshall and their firms in representing the Plaintiffs and proposed class members. Marshall Decl. ¶ 26. The ACLU and Perkins Coie had successfully litigated a class action against Grant County over indigent defense rights, and Messrs. Zuchetto and Marshall knew the organizations could provide substantial experience, expertise, and resources. *Id.* Thus, Messrs. Zuchetto and Marshall accepted the offer to co-counsel on this important case. *Id.*

Within three weeks of filing the case, Plaintiffs' counsel sent a letter to opposing

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES - 2
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   counsel offering to enter into early mediation with the Cities.  Marshall Decl. ¶ 27.  The Cities

2   failed to respond.  *Id*.  Plaintiffs' counsel raised the issue again during the Rule 26(f)

3   conference, noting that the fees and expenses in an action of this magnitude would likely be

4   great if the matter proceeded to judgment, but the Cities stated that they intended to litigate the

5   case extensively and would not address mediation until after summary judgment and class

6   certification issues were resolved.  Dkt. No. 10 at 3:4-24.  The Cities also asserted that they

7   may simply choose to shut down their municipal courts rather than face an injunctive order

8   from this Court, thereby setting the tone for their approach to the lawsuit.  *Id*.

9       Approximately one month after the filing of the parties' joint status report, the Cities

10  made good on their intention to aggressively defend against Plaintiffs' claims.  The Cities filed

11  three separate summary judgment motions, each over 30 pages in length.  *See* Dkt. Nos. 25-34.

12  Five weeks later, the Cities filed a motion for sanctions against Joseph Wilbur and a motion to

13  disqualify Plaintiffs' counsel and their experts for alleged violations of the Rules of

14  Professional Conduct.  *See* Dkt. Nos. 87-90.  Plaintiffs' counsel successfully defeated all of

15  these motions, but doing so required substantial evidence, testimony, and briefing.  *See* Dkt.

16  Nos. 45-57, 93-106, 140, 142, 144 (noting "defense counsel had only a weak factual basis" for

17  the motion to disqualify, apparently acted "for tactical reasons," and "arguably overstep[ed] the

18  bounds of zealous advocacy").  Around the same time, Plaintiffs' counsel successfully moved

19  for class certification in the face of considerable opposition.  *See* Dkt. Nos. 124-27, 143.

20      With the class certified and summary judgment denied, the case moved toward trial.

21  Extensive discovery was conducted by both sides, including eighteen depositions and the

22  production of thousands of pages of documents.  Marshall Decl. ¶ 28.  The work required of

23  Class Counsel to gather evidence for the prosecution of the case increased substantially when

24  the Cities made changes to their public defense system and argued those changes had rendered

25  the Class claims moot.  *Id*.; *see also* Dkt. No. 218 at 1:14-16.  Indeed, Class Counsel were

26  required to gather and present evidence on two different sets of public defenders.  Marshall

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 3
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Decl. ¶ 28.  At the close of discovery, Defendants filed a motion for summary judgment on that ground, but Plaintiffs demonstrated there were genuine issues for trial.  *See* Dkt. No. 271.

After class certification was granted and again before trial, Class Counsel worked hard to obtain a resolution of the case through settlement and made substantial offers of compromise.  Marshall Decl. ¶ 29.  The Cities rejected the offers and chose to take their chances on a trial.  *See id*.

The case was tried during nine Court days in June 2013.  Marshall Decl. ¶ 30.  Thirty witnesses were called to testify and hundreds of exhibits were offered into evidence.  *Id*.  Post-trial briefing on key issues was submitted in August per the Court's request.  *Id*.  On December 4, 2013, the Court issued a memorandum of decision.  Dkt. No. 325.  The Court declared that indigent defendants in Mount Vernon and Burlington are systemically deprived of the assistance of counsel and that the Cities' municipal policymakers have made deliberate choices regarding the funding, contracting, and monitoring of the public defense system that directly and predictably caused the deprivation.  *Id*. at 2:8-12.  The Court ordered substantial injunctive relief to remedy the constitutional violations and restore the rights of the Class.  *Id*. at 17-23.

## III.   ARGUMENT AND AUTHORITY

### A.      Plaintiffs Are the Prevailing Parties

The prevailing party in a civil rights suit is entitled to an award of reasonable attorneys' fees and out-of-pocket expenses.  42 U.S.C. § 1988(b) (fees); *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (1994) (expenses).  In reviewing section 1988 fee awards, the United States Supreme Court has noted:

> Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest importance . . . .  [Thus,] [c]ounsel for prevailing parties should be paid . . . for all time reasonably expended on [the] matter.

*City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986) (quotation marks and citations omitted); *see also Leeds v. Watson*, 630 F.2d 674, 677 (9th Cir. 1980) (section 1988 "was

1   designed to provide for awards of attorney fees in 'private attorney general' types of claims in

2   order to encourage the private enforcement of civil rights laws and to fully vindicate" those

3   rights); *Ackerley Commc'ns v. City of Salem*, 752 F.2d 1394, 1396-97 (9th Cir. 1985) (awards

4   of attorneys' fees "act as an effective incentive for injured parties to seek judicial relief for civil

5   rights violations" and "stimulate voluntary compliance with the law") (quoting *Seattle Sch.

6   Dist. No. 1 v. Washington*, 633 F.2d 1338, 1348 (9th Cir. 1980)).

7   　　　A plaintiff "prevails" for purposes of section 1988 if there is a "material alteration of

8   the parties' legal relationship" that "is accompanied by 'judicial imprimatur on the change.'"

9   *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (quoting *Buckhannon

10  Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).

11  An order granting injunctive relief satisfies this requirement.  *See Gerling Global Reinsurance

12  Corp. of Am. v. Garamendi*, 400 F.3d 803, 806, 811 (9th Cir. 2005).  Because the Court ordered

13  substantial injunctive relief to the Class to remedy the Cities' constitutional violations,

14  Plaintiffs are the prevailing parties in this lawsuit and are entitled an award of reasonable fees

15  and litigation expenses.  *See* Dkt. No. 325 at 17-23.

16  **B.**　　**Class Counsel Are Entitled to an Award of Reasonable Attorneys' Fees and
　　　　Expenses Incurred in This Action**

17

18  　　　　　1.　<u>The Lodestar Establishes a Presumptively Reasonable Fee</u>

19  　　　"In determining a reasonable attorney's fee, the district court's first step is to calculate a

20  'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended

21  on the litigation by a reasonable hourly rate."  *McGrath v. County of Nev.*, 67 F.3d 248, 252

22  (9th Cir. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  There is a "strong

23  presumption" that the lodestar amount constitutes a "reasonable" fee.  *Perdue v. Kenny A. ex

24  rel. Winn*, 559 U.S. 542, 553-54 (2010).  Thus, "it should only be enhanced or reduced in 'rare

25  and exceptional cases.'"  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000)

26  (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565

    (1986)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (factors).

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 5
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

2.      Class Counsel's Hourly Rates Are Reasonable

Submitted in support of this motion are the declarations of Toby Marshall, Matthew Zuchetto, Sarah Dunne, and James Williams.  Those declarations set forth the skill, experience, rates, hours worked, work performed, and need for time expended by each attorney and staff member that worked for Class Counsel on this matter.  *See* Marshall Decl. ¶¶ 2-20; Zuchetto Decl. ¶¶ 2-15; Dunne Decl. ¶¶ 2-15; Williams Decl. ¶¶ 2-12.  Nearly all of the work performed in prosecuting this case was accomplished by the following individuals, and Class Counsel seek fees at the current hourly rates noted for each:  Toby Marshall, attorney ($375); James Williams, attorney ($580); Matt Zuchetto, attorney ($330); Breena Roos, attorney ($465); Camille Fisher, attorney ($330); Jennifer Boschen, paralegal ($150); Nancy Talner, attorney ($400); Sarah Dunne, attorney ($380); and Joel Higa, paralegal ($155).[3]

For purposes of the lodestar determination, reasonable fees are "calculated according to the prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "The relevant community is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted).  Thus, in assessing the rates requested by Class Counsel, the Court should look to market rates in the Western District of Washington.

"[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal marks omitted; quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407

---

[3] The application of current rates (as opposed to historical rates) throughout the case is an appropriate adjustment because it compensates Class Counsel for the substantial delay in payment for work performed in this case.  *See Perdue*, 559 U.S. at 556; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("We have long recognized that district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use [of] funds.").  Indeed, the Ninth Circuit has noted that a delay of "over three years" from counsel's initial work is "particularly onerous" where the fees ultimately incurred "run[] in the millions of dollars."  987 F.2d at 1406-07.  That is precisely the situation here.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 6
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   (9th Cir. 1990)).  As set forth in the declarations accompanying this motion, the rates Class

2   Counsel request are consistent with rates charged by other lawyers in this community of similar

3   skill and experience.  Marshall Decl. ¶ 16; Zuchetto Decl. ¶¶ 6-7; Dunne Decl. ¶ 2; Williams

4   Decl. ¶ 12.  Indeed, three well-respected and experienced practitioners from Seattle—Bradley

5   Keller, Sal Mungia, and Joseph Shaeffer—attest as experts that Class Counsel's rates are

6   comparable to prevailing rates in the Seattle community.  Keller Decl. ¶¶ 6-9; Mungia Decl.

7   ¶ 3-10; Shaeffer Dec. ¶¶ 7-12.  Recent awards in western Washington also show the rates

8   requested are reasonable.  Marshall Decl. ¶¶ 21-22; Zuchetto Decl. ¶¶ 6-7.

9          3.      The Time Class Counsel Spent Prosecuting This Case and Obtaining a
               Successful Outcome Was Reasonable
10

11          Class Counsel have filed detailed documentation of the time they spent investigating,

12   litigating, and trying this case.  Summaries of the hours worked by timekeeper, including

13   applicable current rate and total fees, are provided in accompanying declarations.  Marshall

14   Decl. ¶ 20; Zuchetto Decl. ¶ 11; Dunne Decl. ¶ 15.  Also provided as Appendix A to this

15   motion is a consolidated spreadsheet that describes the tasks performed by every timekeeper on

16   a daily basis and the number of hours spent on those tasks.  Class Counsel compiled this

17   spreadsheet from contemporaneously created time records.  Marshall Decl. ¶ 16; Zuchetto

18   Decl. ¶¶ 13-14; Dunne Decl. ¶ 14; Williams Decl. ¶ 10.  With respect to work performed on the

19   case up until this motion, Class Counsel respectfully seek payment of $2,396,423.52 in fees.

20          Successfully prosecuting an indigent defense reform case is notoriously difficult.  *See*

21   Cara H. Drinan, *The National Right to Counsel Act: A Congressional Solution to the Nation's*

22   *Indigent Defense Crisis*, 47 Harvard Journal on Legislation 487, 522 (2010) ("lawsuits raising

23   systemic deprivations of the right to counsel . . . have not been consistently successful in state

24   court, and they have been almost entirely unsuccessful in federal court").  Such cases typically

25   involve challenging and complex issues of justiciability, mootness, section 1983 liability, and

26   injunctive relief. *See, e.g.*, William H.W. McKenna, *The Gideon Split: Preconviction Indigent*

    *Defense Reform Litigation in Hurrell-Harring and Duncan*, 45 U.C. Davis L. Rev. 193, 202-11

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 7
CASE NO. 2:11-CV-01100 RSL

(2011); *Hurrell-Harring v. State*, 930 N.E.2d 217, 220-27 & n.5 (N.Y. 2010).  It is obvious that few lawyers have experience litigating actions involving systemic Sixth Amendment violations.

Despite the substantial risks presented to their firms, Matt Zuchetto and Toby Marshall endeavored to pursue Plaintiffs' claims on a contingent fee basis after a thorough investigation of the Cities' public defense system uncovered systemic and chronic violations of the right to counsel.  Marshall Decl. ¶¶ 24-25.  Once the case was filed, the ACLU of Washington and its cooperating attorneys at Perkins Coie offered to join in the representation, agreeing to the same substantial risks and bringing with them significant experience and resources.[4]  *Id.* ¶ 26.  For example, attorneys Nancy Talner of the ACLU and Breena Roos of Perkins Coie had previously litigated one of the few successful indigent defense cases brought in state court and obtained a settlement after achieving class certification and partial summary judgment.  *Id.*

From the outset, Class Counsel offered to discuss a resolution of the matter through compromise and settlement, but the offers were rejected.  Marshall Decl. ¶¶ 27, 29.  The Cities chose instead to vigorously defend their unlawful practices, and the positions they took compounded the hours required to prosecute the Class claims.  *Id.*  The Cities maintained throughout the case and during trial that their public defense system met constitutional standards for the right to counsel, even when two part-time attorneys were handling more than 1,000 cases each.  Indeed, rather than address the problems detailed in Plaintiffs' complaint and the briefing before the Court, the Cities went in the opposite direction—for example, amending "ordinance[s] related to the provision of public defender services" in order to "remov[e] what little 'teeth' the previous ordinances had."  Dkt. No. 325 at 15:23 −16:2.

After a full trial on the merits, this Court declared that the certified Class of "indigent criminal defendants in Mount Vernon and Burlington are systematically deprived of the assistance of counsel at critical stages of the prosecution and that municipal policymakers have

---

[4] Perkins Coie agreed to assist the ACLU of Washington on a pro bono basis.  The Ninth Circuit has held that attorneys' fees should be paid for pro bono work in civil rights cases.  *See United States v. $12,248 U.S. Currency*, 957 F.2d 1513 (9th Cir. 1991) (affirming trial court's determination that award of fees for pro bono work "truly serves the public policy rationale" of civil rights fee-shifting statute).

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 8
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   made deliberate choices regarding the funding, contracting, and monitoring of the public

2   defense system that directly and predictably caused the deprivation." Dkt. No. 325 at 2:8-12.

3   The Court also granted significant and extensive injunctive relief that, among other things,

4   ordered the Cities to "re-evaluate their existing contract for the provision of public defense," to

5   "hire one part-time Public Defense Supervisor to work at least twenty hours per week," to

6   periodically provide randomly selected case files to Class Counsel "so that they may evaluate

7   the Cities' compliance" with the Court's order. *Id*. at 18:16-21, 19:2-3, 22:14-17. The Public

8   Defense Supervisor will oversee and evaluate the Cities' public defense system, tracking and

9   analyzing numerous subjective and objective factors and reporting every six months to Class

10  Counsel. *Id*. at 19:15 – 22:13. The Court will maintain jurisdiction over the case for three

11  years so that Class Counsel may seek additional relief if necessary. *Id*. at 22:17-19.

12      Class Counsel achieved an excellent result in this lawsuit. Preparing for and navigating

13  the many defenses to this successful outcome required great skill, knowledge, experience, and

14  hard work. Accordingly, Class Counsel are entitled to the requested fees.

15      4.   Class Counsel Have Exercised Billing Judgment and Reduced Their Fees
            Appropriately to Exclude Any Unnecessary Duplication or Inefficiency
16

17      A court may reduce the overall number of hours only when it makes specific findings

18  that the work performed was "<u>unnecessarily</u> duplicative." *Moreno v. City of Sacramento*, 534

19  F.3d 1106, 1113 (9th Cir. 2008) (emphasis in original). "One certainly expects <u>some</u> degree of

20  duplication as an inherent part of the process. There is no reason why the lawyer should

21  perform this necessary work for free." *Id*. at 1112 (emphasis in original). A court should be

22  particularly reluctant to reduce hours for duplication where, as here, counsel handled the matter

23  on a contingency fee basis. *Id*. As the Ninth Circuit has noted, "lawyers are not likely to spend

24  unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too

25  uncertain, as to both the result and the amount of the fee." *Id*. Thus, "[b]y and large, the court

26  should defer to the winning lawyer's professional judgment as to how much time was required

    to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 9
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Class Counsel took care to best utilize the various talents of the lawyers and staff involved to efficiently manage and prosecute this case. Nevertheless, in computing their lodestar amount Class Counsel carefully exercised billing judgment and made reductions where time arguably could have been more efficiently spent. Marshall Decl. ¶¶ 17-18; Zuchetto Decl. ¶ 19; Dunne Decl. ¶ 14. As a result, the fees sought by Terrell Marshall Daudt & Willie PLLC represent a reduction of 3.5 percent from the firm's recorded time on the matter; the fees sought by The Scott Law Group, P.S. represent a reduction of 3.3 percent from the firm's recorded time on the matter; and the fees sought by the ACLU-WA for itself and its cooperating attorneys represent a reduction of 29 percent from the time recorded on the matter. Marshall Decl. ¶ 18; Zuchetto Decl. ¶¶ 15, 19; Dunne Decl. ¶ 14. Thus, Class Counsel's fee request is a conservative lodestar (less than 82 percent of actual recorded time) based on work that was reasonably and necessarily expended to secure the constitutional rights of the Class.[5]

5.   The Time Class Counsel Spent Preparing This Motion Was Reasonable

Time spent establishing the right to a fee award is compensable. *Camacho*, 523 F.3d at 981-82. In determining these additional fees, the Court applies the same lodestar analysis outlined above. *Id*. at 982. A discount or flat-fee award is inappropriate, particularly where the attorneys preparing the application have experience putting together such requests. *Id*.

As set forth in the declarations of Marshall, Zuchetto, and Dunne and detailed in Appendix C to this motion, the fees incurred in preparing this motion and the accompanying submissions were reasonable and necessary. Marshall Decl. ¶ 31; Zuchetto Decl. ¶ 12; Dunne Decl. ¶ 14. Thus, Class Counsel are entitled to an award that includes those fees, which currently amount to $29,493.00.[6]

---

[5] Class Counsel will incur additional fees for work performed in this case, including work associated with reviewing the Public Defense Supervisor's biannual reports and the Cities' production of randomly selected case files. *See* Dkt. No. 325 at 22:1-24. Because it is not possible at this time to estimate the extent of this work, Class Counsel reserve the right to move for additional fees in the future.

[6] If the Cities object to or oppose either motion, Class Counsel will incur additional fees for the preparation of a reply. In that event, Class Counsel will revise the amount requested.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 10
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**C.      Class Counsel Are Entitled to Recover Reasonable Litigation Expenses**

Under section 1988 and Rule 54(d)(1), Plaintiffs "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Harris*, 24 F.3d at 20 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)) (approving recovery of expenses such as "service of summons and complaint, service of trial subpoenas, fee for defense expert at deposition, postage, investigator, copying costs, hotel bills, meals, messenger service and . . . record reproduction").  The reasonable expenses incurred in this litigation (other than taxable costs being sought separately under 28 U.S.C. § 1920) are summarized in the declarations of Class Counsel and consolidated for the Court's reference as Appendix B to this motion.[7]  *See* Marshall Decl., ¶ 23; Zuchetto Decl. ¶ 20; Dunne Decl. ¶ 16; Williams Decl. ¶ 13.  These expenses are the type of expenses customarily charged to and paid by hourly clients.  Thus, Class Counsel are entitled to an award reimbursing them for those expenses, which total $43,496.50.

**D.      It Is Unnecessary to Provide Notice of This Motion to the Class**

Rule 23 provides that in a certified class action, the district court may award reasonable attorneys' fees and nontaxable expenses as authorized by law.  Fed. R. Civ. P. 23(h).  The claim for any such award must be made by motion under Rule 54(d)(2).  Fed. R. Civ. P. 23(h)(1).  The motion is usually "directed to class members in a reasonable manner."  *Id.*  "In adjudicated class actions," however, "the court may calibrate the notice to avoid undue expense."  Fed. R. Civ. P. 23 advisory committee's note (2003).

Class Counsel searched case law for interpretations of the notice provision and comments by the advisory committee, but the effort was to no avail.  Two secondary sources briefly address the issue, and both suggest that notice can be avoided altogether in certain situations.  *See* 3 William B. Rubenstein, *Newberg on Class Actions* § 8:23 (5th ed. 2013)

---

[7] To the extent any of the taxable costs requested in Plaintiffs' Motion for Costs are denied, Plaintiffs respectfully request that those costs be awarded as non-taxable litigation expenses.  The costs sought as taxable are detailed and supported in the declarations accompanying Plaintiffs' Motion for Costs.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 11
CASE NO. 2:11-CV-01100 RSL

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

(finding advisory committee's "rather cryptic statement likely reflects the . . . conclusion that in the rare case that is actually adjudicated, the court has a strong sense of counsel's contributions and is better situated to monitor the fee award itself, hence lessening the need [for notice]"); Manual for Complex Litigation (Fourth) § 21.722 (2013) (notice is necessary "in cases involving settlement review" but may be unnecessary in "adjudicated class actions").

For several reasons, notice to the Class of this motion is unnecessary. First, the Court certified the case under Rule 23(b)(2), which—in contrast to Rule 23(b)(3)—does not require notice. *See* Dkt. No. 143 at 7:7-16; Fed. R. Civ. P. 23(c)(2)(A). Second, no monetary relief was sought, and an award of fees and expenses will have to be paid by the Cities rather than from a common fund to which the Class would otherwise be entitled. Third, the case was fully adjudicated and the Class obtained complete declaratory and injunctive relief; thus, there is no possibility of a conflict between the interests of the Class and those of Class Counsel.

Plaintiffs respectfully ask the Court to hold that notice is unnecessary under these circumstances. The general purpose of notice is to allow class members an opportunity to object, and here there are no grounds for such an objection. If the Court finds notice must be sent, Plaintiffs respectfully ask the Court to order the Cities to pay all expenses associated with publishing notice in a local newspaper or by other means that the Court deems appropriate.[8]

## IV.   CONCLUSION

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435 ("The result is what matters."). Here, Plaintiffs have secured substantial and significant injunctive relief that ensures thousands of indigent defendants will receive the right to counsel provided for under the Sixth Amendment of the United States Constitution. Accordingly, Plaintiffs respectfully request an award to Class Counsel of $2,425,916.52 in attorneys' fees and $43,496.50 in litigation expenses.

---

[8] If notice is deemed necessary, the language and form of the publication should be mutually approved by the parties or approved by the Court. The notice should issue within three weeks of the Court's order and should allow Class members at least 30 days in which to submit objections. A fairness hearing should be scheduled on the motion for fees and expenses, and the date, time, and location of that hearing should be included in the notice.

1    DATED this 18th day of December, 2013.

2
                                TERRELL MARSHALL DAUDT & WILLIE PLLC
3

4                               By:   /s/ Toby J. Marshall, WSBA #32726
                                     Beth E. Terrell, WSBA #26759
5                                    Email:  bterrell@tmdwlaw.com
                                     Toby J. Marshall, WSBA #32726
6                                    Email:  tmarshall@tmdwlaw.com
7                                    Jennifer Rust Murray, WSBA #36983
                                     Email:  jmurray@tmdwlaw.com
8                                    936 North 34th Street, Suite 300
                                     Seattle, Washington 98103-8869
9                                    Telephone:  206.816.6603

10
                                     Darrell W. Scott, WSBA #20241
11                                   Email: scottgroup@mac.com
                                     Matthew J. Zuchetto, WSBA #33404
12                                   Email:  matthewzuchetto@mac.com
                                     SCOTT LAW GROUP
13                                   926 W. Sprague Avenue, Suite 583
14                                   Spokane, Washington 99201
                                     Telephone:  509.455.3966
15
                                     Sarah A. Dunne, WSBA #34869
16                                   Email:  dunne@aclu-wa.org
17                                   Nancy L. Talner, WSBA #11196
                                     Email:  talner@aclu-wa.org
18                                   ACLU OF WASHINGTON FOUNDATION
                                     901 Fifth Avenue, Suite 630
19                                   Seattle, Washington  98164
                                     Telephone:  206.624.2184
20
21                                   James F. Williams, WSBA #23613
                                     Email:  jwilliams@perkinscoie.com
22                                   Breena M. Roos, WSBA #34501
                                     Email:  broos@perkinscoie.com
23                                   J. Camille Fisher, WSBA #41809
                                     Email:  cfisher@perkinscoie.com
24                                   PERKINS COIE LLP
                                     1201 Third Avenue, Suite 4900
25                                   Seattle, Washington  98101-3099
26                                   Telephone:  206.359.8000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 14
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**CERTIFICATE OF SERVICE**

I, Toby J. Marshall, hereby certify that on December 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Rogerson, WSBA #31664
Email:  kevinr@mountvernonwa.gov
CITY OF MOUNT VERNON
910 Cleveland Avenue
Mount Vernon, Washington  98273-4212

*Attorneys for Defendant City of Mount Vernon, Washington*

Scott G. Thomas, WSBA #23079
Email:  sthomas@ci.burlington.wa.us
CITY OF BURLINGTON
833 South Spruce Street
Burlington, Washington  98233-2810

*Attorneys for Defendant City of Burlington, Washington*

Andrew G. Cooley, WSBA #15189
Email:  acooley@kbmlawyers.com
Jeremy W. Culumber, WSBA #35423
Email:  jculumber@kbmlawyers.com
Adam L. Rosenberg, WSBA #39256
Email:  arosenberg@kbmlawyers.com
KEATING, BUCKLIN & MCCORMACK, INC., P.S.
800 Fifth Avenue, Suite 4141
Seattle, Washington  98104-3175

*Attorneys for Defendants Cities of Burlington, Washington and Mount Vernon, Washington*

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS'
FEES AND EXPENSES  - 15
CASE NO. 2:11-CV-01100 RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

1    DATED this 18th day of December, 2013.

2                                    TERRELL MARSHALL DAUDT & WILLIE PLLC

3                                    By:    /s/ Toby J. Marshall, WSBA #32726

4                                          Toby J. Marshall, WSBA #32726
                                           Email:  tmarshall@tmdwlaw.com
5                                          936 North 34th Street, Suite 300
                                           Seattle, Washington  98103-8869
6                                          Telephone:  (206) 816-6603

7                                    *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com